IRVING REINER, TRUSTEE IN BANKRUPTCY (ESTATE OF WILLIAM A. NICKEL, JR., ET AL.), ET AL. *v.*
ARTHUR MURRAY, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 142674

Memorandum filed February 4, 1966

*Yellin & Basine,* of Hartford, for the plaintiffs.

*Ritter & Berman,* of Hartford, specially for the defendants.

PARSKEY, J.   This is an action brought by the plaintiff as trustee in bankruptcy for William A. Nickel, Jr., and Angela A. Nickel, doing business as Arthur Murray Studios, against Arthur Murray, Inc., a foreign corporation with its principal office in New York City, and Victor F. Horst, a resident of Boston, Massachusetts.   Service was made on the defendant corporation by serving the secretary of state pursuant to § 33-411 of the General Statutes; service was made on the individual defendant by serving the secretary of state pursuant to § 52-59a of the General Statutes.   Each defendant has filed a plea in abatement.

Defendant corporation in its plea avers that (1) it has not appointed the secretary of state as its agent for service;   (2) it was not transacting business, nor had it ever transacted business, in the state of Connecticut;   (3) it had not performed any act within the purview of § 33-411 (c);   and (4) the cause

of action did not arise out of any business transacted by it within the state. At the hearing, the defendant corporation introduced no evidence in support of its averment but rather assumed that the burden was on the plaintiff affirmatively to establish the facts which would subject the defendant corporation to the court's jurisdiction. In this regard the defendant corporation misconceives the office of a plea in abatement. When a party wishes to plead to the jurisdiction, he may do so either by a motion to erase or a plea in abatement. If he wishes to rely upon the record, he will file a motion to erase, which motion admits all well-pleaded facts and invokes the existing record and must be decided upon that alone. *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443. If, on the other hand, he chooses to rely upon jurisdictional facts outside of the record, he must specify them in his plea. *Palmer* v. *Reeves,* 120 Conn. 405, 411. When these facts are put in issue by the plaintiff's answer, the burden is on the defendant to prove them. 71 C.J.S. 296, Pleading, § 138 (h). His failure to do so requires the court to overrule his plea.

With respect to the defendant Horst, the following facts are found: By agreement dated May 11, 1960, the defendant Horst, as licensor, authorized the bankrupts, as licensees, to conduct an Arthur Murray dancing school or studio in New Britain, Connecticut. Under the agreement, the licensees or a resident manager was required to reside in Hartford, to submit weekly accounts to the licensor, to arrange with a credit bureau controlled by Horst for the collection of promissory notes executed by enrolled pupils for lessons, to conduct the school in accordance with the supervision and advice of the licensor, to submit for the licensor's approval all advertising and the names of all dancing instructors and supervisory personnel, to maintain approxi-

mately the same rates of pay for personnel as that maintained in the Boston studio owned by the licensor, to assign to the licensor any interest in any lease of the premises occupied by the dancing studio, to give the licensor the perpetual right to use the names and pictures of the licensees or resident manager and the names and pictures of all of his employees in all Arthur Murray advertisements, and to discharge employees at the request of the licensor. The above is merely a portion of the thirty-five provisions of the so-called licensing agreement.

Section 52-59a of the General Statutes provides in part: "Except as otherwise provided by law, any nonresident individual or foreign partnership which transacts business in this state, personally or by an agent, salesman, employee, officer or another, shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against such nonresident individual or foreign partnership may be served upon said secretary and shall have the same validity as if served upon such nonresident individual or foreign partnership personally." Even on a cursory analysis of the agreement between Horst and the bankrupts, one must conclude that Horst was "transacting business" in this state within the meaning of § 52-59a. It remains to consider whether this statute is constitutional under the due process clause of the fourteenth amendment to the constitution of the United States.

Traditionally, jurisdiction over a natural person required physical presence; *Pennoyer* v. *Neff*, 95 U.S. 714, 723-24 (1877); consent; *Adam* v. *Saenger*, 303 U.S. 59, 67 (1938); or domicil. *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940). Since a state had no power to exclude a natural person, as presumably it could a corporation, the transacting of business

within the state was not regarded as implying consent to the state's jurisdiction. *Flexner* v. *Farson,* 248 U.S. 289, 293 (1919). As time passed, however, as our mode of living was transformed from a relatively static society to a highly mobile one, as the jet plane and the superhighway replaced the horse and buggy and the cobblestone street, as electronics and commercial activities virtually obliterated state lines, judicial concepts appropriate to the days of the periwig were found to be inadequate to meet the problems of the twentieth century. Citizens demanded protection against nonresident motorists for injuries sustained on their state highways, and they got it. *Hess* v. *Pawloski,* 274 U.S. 352, 356 (1927). The power to regulate the securities business was seized upon as a basis for giving state courts jurisdiction over nonresident securities dealers. *Henry L. Doherty & Co.* v. *Goodman,* 294 U.S. 623, 628 (1935). The greater the interstate activity, the greater the need to provide an inexpensive local forum for residents affected by this activity. "The eternal struggle in the law between constancy and change is largely a struggle between history and reason, between past reason and present needs." Frankfurter, "Mr. Justice Holmes and the Constitution," 41 Harv. L. Rev. 122, 160.

In 1945, in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, the Supreme Court announced that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Under this test, two requirements are imposed to satisfy the due process clause: (1) The statute authorizing jurisdiction must provide for the giving of adequate notice to the defendant, and (2) the exercise of juris-

diction must be reasonable. *Davis* v. *St. Paul-Mercury Indemnity Co.*, 294 F.2d 641 (1961); see "Developments in the Law—State-Court Jurisdiction," 73 Harv. L. Rev. 909-1017 (1960). Although jurisdiction may be bottomed on the issuance of a single contract; *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 222 (1957); "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958).

An examination of the instant case discloses that Horst did in fact receive actual notice by registered mail of the institution of the present action, as provided for by § 52-59a. As for his purposeful contacts with the state, the court finds that Horst controlled, supervised or dictated every meaningful aspect of the licensees' dancing studio. Horst both in form and substance has engaged in commercial puppetry. Having done so, he cannot be heard to cry foul if the state chooses to draw away the curtain so as to disclose both the real and the fanciful.

Defendants' pleas in abatement are overruled.