NATHAN WEIL *v.* EDWARD BERESTH ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 143956

Memorandum filed March 8, 1966

*Levine & Katz,* of Hartford, for the plaintiff.

*Apter & Nahum,* of Hartford, for the defendants, and special appearance for defendant R. Harrison.

PARSKEY, J. Defendant Harrison raises two issues in his plea in abatement, (1) that § 33-322 of the General Statutes is not applicable to him, and (2) that if it is, the statute is unconstitutional. Since § 33-322 obviously applies to Harrison, the basis of his claim that it does not "is a puzzlement." As for Harrison's claim that Connecticut's "long arm" statute contravenes the fourteenth amendment to the United States constitution, his legal reasoning is more attuned to the days of the Model T than to the jet age. Harrison's corporate contacts in the state are too numerous to be casual. Having used the state for his economic benefit, he cannot now use his nonresidency as a basis for avoiding judicial process. Harrison must bear the consequences of having purposefully availed himself of the privilege of conducting activities within the state. *Reiner* v. *Arthur Murray, Inc.,* 26 Conn. Sup. 225, 230 (1966). Neither the due process clause nor the privileges and immunities clause permits an individual to play ducks and drakes with a state's jurisdiction.

Plea in abatement is overruled.