HYMAN G. GOLDFELD *v.* THE WOOD PARK ESTATES, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 171307

Memorandum filed July 20, 1971

*Kleinman, O'Neill, Steinberg & Lapuk,* and *Ribicoff & Kotkin,* both of Hartford, for the plaintiff.

*Robinson, Robinson & Cole,* of Hartford, specially appeared for all defendants.

SADEN, J. The plaintiff sought and obtained an ex parte temporary injunction on June 17, 1971, based on a complaint against the defendants Norman K. Winston and Leonard Holzer, both residents of New York, for an alleged breach of contract to sell their shares of stock in the named defendant corporation. The defendant corporation is a Connecticut corporation, and Winston and Holzer are alleged to be nonresident directors of the corporation as well as owners of its entire outstanding stock.

Service on the individual defendants Winston and Holzer was made under § 33-322 (a) of the General Statutes.

From the plaintiff's allegations it appears that the defendant corporation, hereinafter referred to as the corporation, owned certain real estate in Stamford, Connecticut, which the plaintiff sought to purchase. This realty is the sole asset of the corporation, of which defendants Winston and Holzer are the owners of all outstanding shares of stock. The plaintiff further alleges facts concerning the negotiations for the sale by the defendants Winston and Holzer of their shares of stock to the plaintiff, but no allegations appear to establish that the corporation was about to sell anything to the plaintiff. There is no doubt, however, that the real objective of the sale of the shares owned by Winston and Holzer and the purchase by the plaintiff was to obtain control of the corporation and its sole asset.

A hearing took place on June 29 and 30, 1971, and was tentatively recessed for completion at a later date, on the question of continuance or dissolution of the ex parte injunction. Among other conceivable issues which have evolved in the course of the hearing to date is the primary question of jurisdiction of the court over the persons of the individual defendants Winston and Holzer, the purported sellers of the shares of stock. Service was made upon Winston and Holzer in their capacities as alleged nonresident directors of the corporation under § 33-322 (a) by registered mail and upon the United States Corporation Company, agent of the corporation authorized to accept service. The cited statute provides that any nonresident who becomes a director of a domestic corporation shall thereby "be subject to the jurisdiction of the courts of this state in all actions or proceedings . . . by, or on behalf of, or against such corporation in which such director is a

necessary or proper party, or in any action or proceeding against such director for violation of his duty as a director."

When the plaintiff appeared through counsel in chambers, the substantial doubt about obtaining proper service on Winston and Holzer under the allegations of the complaint, if the sole basis for service was § 33-322 (a), was called to the plaintiff's attention. Nevertheless, an ex parte injunction for short duration was issued, buttressed by the requirement of a surety bond for $250,000, with an admonition on the question of proper service under § 33-322 (a). Nothing has since been brought to the court's attention to indicate that in personam jurisdiction was obtained over the person of the defendants Winston and Holzer by service under the cited statute. This suit is not against them in any capacity whatever as directors of the corporation. The statute clearly limits its application to suits against the corporation or against a director for violations of his duty as a director. Its elasticity stretches no further than that. The plaintiff somewhat desperately cites *Weil* v. *Beresth,* 26 Conn. Sup. 428, as support for his contention that service under the cited statute is service for all purposes, corporate or otherwise. *Weil* does not hold to such a proposition. An examination of the *Weil* file itself clearly shows that the complaint alleged mismanagement of corporate assets by a nonresident director of a domestic corporation. If such allegations were true, such director might incur a personal liability, but this is far different from stating that he becomes personally subject to Connecticut jurisdiction, without limitation, on all personal agreements not directly and primarily related to his functions as a corporate director in the suit in question.

In this view of the jurisdictional issue, it is immaterial whether Holzer was or was not a director

of the corporation at the time of service, a fact which was in dispute at the hearing.

It should be noted that an order to show cause was issued simultaneously with the ex parte injunction to determine whether the latter should continue beyond June 24, 1971, the date set for the hearing on the show-cause order. On that date counsel were in court for the defendants Winston and Holzer and agreed with the plaintiff's counsel to a continuance to June 30, 1971, because of the short notice to the defendants' counsel, service on the defendants having been completed by mail only two days previously. Statements of counsel on both sides were made orally in open court at the call of calendar without the presence of a court stenographer. It appeared that the defendants' counsel requested the continuance, to which the plaintiff's counsel did not object. They agreed that the temporary injunction could remain in effect at least until completion of the show-cause hearing. No formal written motion for continuance was made, nor was any formal appearance of any kind, special or general, filed. Nothing was stated to the court indicating that counsel for the defendants was requesting a continuance of the show-cause hearing and agreeing to continuation of the temporary injunction without waiving any rights as to filing a special appearance.

On June 29, 1971, counsel for the defendants filed a formal written special appearance for the defendants Winston and Holzer, challenging the in personam jurisdiction of the court. The hearing proceeded on the understanding between all parties that it was in effect a hearing on a plea in abatement, notwithstanding no such formal pleading had been filed at this interlocutory stage of the case, and, further, that the court could hear other aspects of the case, such as the propriety of the continuation of the temporary injunction, without waiver by the

defendants Winston and Holzer of their existent claim as to the court's lack of in personam jurisdiction. This arrangement appeared desirable to all parties in the interest of saving time. Therefore, the court attaches no significance to this procedure so far as any claim might be made that it had some bearing on whether the defendants' counsel by his conduct in this respect in effect waived the in personam jurisdictional issue.

What does concern the court is the request of the defendants' counsel for a continuance without any oral or written representation that it was without waiver of rights on the jurisdictional issue.

There is substantial legal authority to the effect that a party submits to the jurisdiction of the court if a party deals with the merits, or does any act which recognizes that the case is pending in court, with jurisdiction of the subject matter and of the parties, "such as . . . an endeavor to secure a continuance or postponement." 5 Am. Jur. 2d 491, Appearance, § 16. "Ordinarily, a motion for a continuance is considered a step in the regular prosecution of the cause, and therefore a general appearance. The same rule is applicable where the defendant, by consent, agreement or stipulation on which an order is entered, procures a continuance. This rule seems to prevail whether the agreement for the continuance is made orally in open court or by a writing filed in the case. Where, however, a motion for continuance is made by a special appearance, denominated as such, and for the purpose of enabling the defendant to have time in which to decide whether to plead or to move to quash service, the appearance is not general." 5 Am. Jur. 2d 498, Appearance, § 24.

As evidenced in *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 380, counsel can file a special appearance

without necessarily so naming it—for example, where a motion to erase was filed by counsel as "its [defendant's] attorneys for this motion." Such a motion, being in effect a special appearance, does not waive the lack of jurisdiction over the person.

In the instant case, no special appearance was mentioned in any form on June 24, 1971, and not until June 29, 1971, the date to which the show-cause hearing was continued at the request of the defendants' counsel, did the defendants Winston and Holzer through counsel file a formal special appearance to contest the in personam jurisdiction.

There is no question that the court can recognize counsel in any case without the necessity of a formal appearance (*Hill* v. *Hill,* 135 Conn. 566, 569), and, in fact, in the instant case the defendants' counsel was so recognized when he requested a continuance of hearing and agreed to the extension of the temporary injunction to the date of the hearing. But it is this very fact that now comes to haunt Winston and Holzer, inasmuch as that recognition was not granted on any specification by counsel that no waiver of the personal jurisdiction was intended.

Unfortunately, once defendants' conduct, whether by counsel or in person, reaches a point where waiver of the personal jurisdictional issue can be inferred, there is no turning back. *White* v. *Greene,* 96 Conn. 265, 272. The question of personal jurisdiction is one that inevitably arises at the very outset of any case. It, therefore, requires immediate attention and a quick assertion of its existence before any other act is taken in behalf of a defendant. The failure to make such an assertion leaves the court no choice but to recognize the existence of a waiver.

Therefore, the court rules in this case that it has in personam jurisdiction over the defendants Win-

ston and Holzer. There is no issue on this score as far as the corporation is concerned because it is a domestic corporation.

For this reason, the show-cause hearing must continue for the purpose of determining whether a contract between the parties exists and whether the continuance of the temporary injunction is warranted.