[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Clock Tower Vista Associates, Clock Tower Joint Venture, Joseph L. DeMaria, DPS Realty Group, Inc., Circle Norwalk Corp., Circle Consulting Group, Inc., Ernest Craumer, DPS Norwalk Corp., Joseph Piscitell, Anthony Schmidt, Tom Martin, Bruce Scharf and Campbell Gerrish move (#104.50) on three separate grounds to dismiss this action CT Page 4846 for lack of personal jurisdiction. Practice Book S 143(2).
By way of background, defendant Clock Tower Vista Associates, Limited Partnership, on August 12, 1988 executed and endorsed certain notes in which they promised to pay to the plaintiff, Crestmont Federal Savings and Loan Association, of Edison, New Jersey, the principal sum of $9,724,204, with interest, and on that same date this defendant mortgaged to the plaintiff certain real property owned by it and located in Norwalk. The notes were also endorsed by NPA Properties-Norwalk, Inc., DPS Norwalk Corp., and Circle Norwalk Corp. . Plaintiff also procured personal guarantees of payment for obligations incurred by the defendant Clock Tower Vista from Craumer, Piscitell, Schmidt, Martin, Scharf, Gerrish, DeMaria, Circle Consulting Group, Inc., Circle Norwalk Corp., and DPS Realty Group, Inc.
The first ground for dismissal the prior pending action doctrine, and the claim is that the plaintiff is currently pursuing an action against these same defendants in New Jersey seeking the same or similar relief.
The action in this state seeks a foreclosure of real property located in Connecticut, along with a claim for a deficiency judgment. The requirements for a dismissal based on the prior pending action doctrine were first referred to almost 140 years ago in Hatch v. Spofford, 22 Conn. 485,494-96, 58 App.Div. 433 (1853). To warrant dismissal the second action must satisfy all four of the following criteria: (i) the two suits must be of the same character; (ii) they must be between the same parties; (iii) they must be brought for the same purpose; and (iv) the suits must be pending in the same jurisdiction. For a more modern exposition of this rule see Beaudoin v. Town Oil Co., Inc., 207 Conn. 575, 583-584,542 A.2d 1124 (1988).
The prior pending action doctrine is inapplicable in this situation because the case in Connecticut (i) seeks a foreclosure of realty and a deficiency judgment, whereas the prior suit in New Jersey claims money damages on a note and a guarantee; (ii) the parties are not precisely identical; (iii) the suits are not for the same purpose for the reasons stated above; and (iv) the suits are not pending in the same jurisdiction. On this latter point see Sauter v. Sauter,4 Conn. App. 581, 584, 495 A.2d 1116 (1985) ("The pendency of an action in one state is not a ground for abatement of a later action in another state").
The defendants also claim a lack of personal CT Page 4847 jurisdiction because Piscitell, Schmidt, Martin, Scharf and Gerrish, guarantors of the note, are all non-residents of this state.
Personal service on nonresident individuals is governed by General Statutes 52-59b. This statute grants jurisdiction over nonresident individuals who transact business in this state. The burden of establishing that the defendant has transacted business in Connecticut is on the plaintiff. See United States Trust Co. v. Bohart, 197 Conn. 34,39, 495 A.2d 1034 (1985). In order for the defendant to be subject to the personal jurisdiction of the court, the business transaction must be one in which he has "certain minimum contacts with (the state) such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Standard Tallow Corporation v. Jowdy 190 Conn. 48, 52, 459 A.2d 503 (1983). See also Rosenblit v. Danaher, 206 Conn. 125, 149, 537 A.2d 145
(1988), which points out that a twofold analysis is required: first, whether the defendant has transacted business under the statutory standard of General Statutes52-59b (a)(1); and if so, whether subjecting the nonresident to our courts offends the constitutional minimum contact standard of International Shoe Co. v. Washington, 326 U.S. 310,66 S.Ct. 154, 90 L.Ed 95 (1945); Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250,460 A.2d 481 (1983).
Zartolas v. Nisenfeld, 184 Conn. 471, 474-75,440 A.2d 179 (1981), holds that the execution of a warranty deed concerning property in this state by nonresidents constitutes the transaction of business in this state. The nonresidents in this case guaranteed a note secured by a mortgage deed on property in Connecticut, and I see no genuine difference between executing the deed in Zartolas and guaranteeing the mortgage note in this case.
Moreover, the defendants have submitted to the jurisdiction of this court in that they negotiated with plaintiff to secure a continuance or a postponement. "Ordinarily, a motion for continuance is considered a step in the regular prosecution of the cause, and is therefore a general appearance." Goldfeld v. Wood Park Estates, Inc.,29 Conn. Sup. 237, 241, 281 A.2d 326 (1971).
The third ground for the motion to dismiss is the alleged failure by the plaintiff to join the guarantors as defendants on the ground that they are indispensable and necessary parties. This argument is premised on the claim that these individuals signing the guarantee were not CT Page 4848 properly served. As discussed previously, the nonresidents were properly served, and a dismissal as to them on this third ground is not warranted.
The defendant NPA Properties-Norwalk, Inc. (NPA), a Connecticut corporation, claims that service of process on it was improperly left with one Sonja G. Kraft, who is described as an assistant secretary for Prentice-Hall Corporation System, Inc., agent for service of process on NPA. General Statutes 52-57 (c) provides that service on a corporation such as Prentice-Hall is to be made by service upon a number of different individuals including a person in charge of that business. The sheriff's return of service describes Sonja G. Kraft as an assistant secretary, and not as a person in charge. Therefore, the motion to dismiss as to this corporation will be granted on July 1, 1991, unless the sheriff's return of service is amended to indicate that service was made upon a proper party in accordance with General Statutes 52-57 (c).
For the foregoing reasons the plaintiff has sustained its burden of proving that this court has personal jurisdiction over the non-resident individual defendants and corporations; Standard Tallow Corporation v. Jowdy, supra, 53; and therefore the motion to dismiss is denied, except as to NPA as previously discussed.
So Ordered.
Dated at Stamford, Connecticut this 13th day of June, 1991.
WILLIAM B. LEWIS, JUDGE