[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, which involves personal injuries arising from a motor vehicle accident on February 2, 1985 in Norwalk, commenced on February 1, 1987, the date when the deputy sheriff's return of service indicates that he made abode service on the defendant, John L. Taylor, III, at 107 Pine Hill Avenue in Stamford. Inked Ribbon Corporation (Inked Ribbon), of Fairfield, was also a defendant and was described in the complaint as the owner of a 1982 Toyota pickup truck, which was allegedly being operated by CT Page 1431-PPPP Taylor when Taylor struck the plaintiff, Jeffrey A. Neville, who was a pedestrian at the time.
On February 26, 1988, Taylor testified in a deposition taken by counsel for Inked Ribbon that at the time of the incident he was operating a 1985 rust colored Toyota pickup truck. In July, 1988, Inked Ribbon's motion for summary judgment was granted on the basis that it did not own the vehicle operated by Taylor that was involved in the accident. The rust colored 1985 Toyota pickup truck was actually owned by Nixon Productions, by whom Taylor was employed at the time.
In November of 1988, a default entered against Taylor (hereinafter referred to as the defendant) because he had failed to file an appearance, and at a hearing in damages held on October 26, 1990, a judgment entered against him in the amount of $75,000. In 1992, the plaintiff determined that the defendant owned real property at 8 McKinley Street in Norwalk, and a judgment lien was placed thereon.
On September 12, 1995, on the purported authority of Broacav. Broaca, 181 Conn. 463, 469, 435 A.2d 1016 (1980), the defendant moved (#201) to set aside or open the judgment of October 26, 1990, on the ground that the court "was without personal jurisdiction." This motion was filed many years after the four month period prescribed by General Statutes § 52-212a and Practice Book § 377. The defendant, whose address in the summons was stated to be "32 Garner Street, South Norwalk," claimed that he did not have a usual place of abode at 107 Pine Hill Avenue in Stamford, where the deputy sheriff purported to affect abode service, but was living at 49 Maywood Road in Darien, with his mother.
An evidentiary hearing regarding the defendant's motion was heard by this court and the following facts were revealed. The defendant's girl friend, Maureen O'Leary, lived at 107 Pine Hill Street on February 1, 1987. Prior to that date, the defendant had "stayed over" at that address on Saturday nights, approximately three times a month, but he and O'Leary had terminated their relationship a month or so prior to the date of service, and the defendant was not present at all at that address when abode service was made.
It was also disclosed that the defendant was not a tenant or lessee at 107 Pine Hill, did not pay any rent there, never had CT Page 1431-QQQQ any keys to the premises, did not receive mail there, and did not keep clothes at that address or other personal possessions. It is clear that 107 Pine Hill was never the defendant's abode, and certainly was not on February 1, 1987. Thus, the abode service at that address was ineffective to sustain personal jurisdiction. General Statutes § 52-57. Collins v. Scholtz, 34 Conn. Sup. 501,506, 373 A.2d 200 (1976).
The plaintiff claims, however, that this court has personal jurisdiction over the defendant because he knew about the suit against him. In addition, the plaintiff contends that Taylor had voluntarily attended his deposition taken by his co-defendant, Inked Ribbon, and testified about the accident with the plaintiff. Both of these contentions are factually correct. A witness testified convincingly that the defendant talked about the suit and unsuccessfully attempted, through some mutual friends, to persuade the plaintiff to drop the suit. Another witness testified that the defendant at one point had actually shown him some kind of official-appearing court document, and talked about the suit. At the deposition, the defendant acknowledged he was involved in the accident with the plaintiff on February 2, 1985.[1] Also, at this same deposition, the defendant agreed with counsel for the co-defendant that "[his] testimony can be used at the time of trial even if you're out of state."
The issue, therefore, in this motion to vacate the judgment entered in favor of the plaintiff at a hearing in damages, is whether, despite the inadequacy of abode service, knowledge on the part of a defendant of a lawsuit against him, and/or his voluntary participation as a witness in a deposition, permits this court to have personal jurisdiction over the defendant on the theory of waiver and/or conduct tantamount to general appearance.
While agreeing that "Connecticut case law does not contain a precise case on point," the plaintiff argues that the defendant's motion to vacate the 1990 judgment should be denied. The general rule in this area is that: "Where it is undisputed that process was left at a place other than the defendant's usual place of abode, `the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which . . . would authorize it to render a valid judgment against him.'" Shawmut Bank Connecticut v. Cook,
Superior Court, judicial district of Middlesex at Middletown, CT Page 1431-RRRR Docket No. 73915 (February 23, 1995, Walsh, J.), citing Uyen Phanv. Delgado, 41 Conn. Sup. 367, 370, 576 A.2d 603 (1990, Hammer, J.). The courts also hold that "where the defendant has received actual notice of the action against him, the statutory provisions for substituted service should be liberally construed by the court." Shawmut, supra; Grayson v. Wofsey Rosen Kweskin Kuriansky, 40 Conn. Sup. 1, 3, 478 A.2d 629 (1984, Jacobson, J.);Plonski v. Halloran, 36 Conn. Sup. 335, 337, 420 A.2d 117 (1980).
"The entry of an appearance need not necessarily be made by filing a formal appearance form. The conduct of a party may operate as a general appearance. A general appearance may arise by implication from the defendant's seeking, taking or agreeing to, some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only." Beardsley v. Beardsley, 144 Conn. 725, 730,137 A.2d 752 (1958). The case seemingly most on point is Goldfeldv. Wood Park Estates. Inc., 29 Conn. Sup. 237, 242, 281 A.2d 326
(1971), where waiver of personal jurisdiction was inferred where defendant requested a continuance of hearing and agreed to extension of temporary injunction until the hearing. See alsoBeardsley v. Beardsley, supra, (finding jurisdiction in action to recover an arrearage in alimony where defendant filed an appearance by mistake, and also wrote a letter to the judge presenting his case); and Iffland Lumber Co. v. Tucker,33 Conn. Sup. 692, 695, 368 A.2d 606 (1976) (where defendant filed a pleading in which he denied the substance of the plaintiff's claim for a prejudgment remedy, the court held he had subjected himself to the court's jurisdiction, although since the motion for default had not been served on the defendant, the motion for default should not have been granted.)
In this case the defendant, in addition to knowing full well about the law suit in question, has attempted to influence the prosecution of the case, has participated in depositions and offered his testimony for trial. He has conducted himself in such a way that his appearance can be implied, and he has therefore waived any objection to personal jurisdiction.
Therefore, the defendant's motion to vacate or set aside the judgment of October 26, 1990 is denied.
So Ordered.
Dated at Stamford, Connecticut, this 16 day of February, 1996. CT Page 1431-SSSS
William B. Lewis, Judge