JOHN H. HOXIE AND ANOTHER *vs.* GEORGE C. PAYNE.

A writ dated December 11th, 1873, was made returnable to the Court of Common Pleas " to be holden on the first Tuesday of February, 1873." The case having been entered at the February term of the court, 1874, the plaintiffs moved to be allowed to amend the writ by inserting " 1874 " in the place of " 1873,' and at the same time the defendant moved that the case be erased from the docket. Held that the writ could not be amended so as to give the court jurisdiction, and that the court properly ordered the case erased from the docket.

ASSUMPSIT; brought to the Court of Common Pleas of New London County.

The writ was dated December 11th, 1873, and cited the defendant " to appear before the Court of Common Pleas to be holden at Norwich, within and for the county of New London, on the first Tuesday of February, A. D. 1873, then and there to answer, &c." The writ was returned to, and the case entered on the docket of, the Court of Common Pleas at its February term in the year 1874, being the next term after the issuing and service of the writ. At that term the plaintiffs moved to amend the writ by inserting the figures " 1874 " in the place of " 1873 " in the above clause; and at the same time the defendant moved that the case be stricken from the docket on the ground that the court had no jurisdiction. The court (*Holbrook, J.,*) denied the motion to amend and ordered

the case erased from the docket, and the plaintiffs brought the record before this court by a motion in error.

*Swan* and *Holmes*, with whom was *Wait*, for the plaintiffs.

*Waller* and *Clift*, for the defendant.

FOSTER, J. Two motions in this case were made in the court below; one, by the plaintiffs, to amend the writ; the other, by the defendant, to erase it from the docket. The motion to amend was denied; the motion to erase granted.

We think there was no error in these decisions. Motions to amend are addressed to the discretion of the court, and ordinarily are not the subject of error. The defect in this case was clearly not amendable. Our statute regarding amendments is indeed most liberal; and the courts, to promote justice, to prevent delay, and to save expense to litigants, have given it a liberal construction. The defect in this process was radical. It was not made returnable to the court which was asked to amend it, but to one which sat a year before. That this was done through inadvertence does not change the legal aspects of the question. The initial order, which the court was asked to make, would, if enforced, have given it cognizance of a cause which, on its face, was made returnable to another tribunal. That order was properly refused. When the power to hear and determine a cause is wanting, as in this case, there is no jurisdiction, and no court can pass an order creating jurisdiction for itself.

There is no error in the judgment complained of.

In this opinion the other judges concurred.