This is an action in summary process seeking possession of leased premises for nonpayment of rent. The defendant filed a motion to dismiss the action alleging that the complaint was not signed. This was in fact the case. The court granted the motion to dismiss and simultaneously denied a motion to amend in which the plaintiff sought to substitute a signed complaint. The plaintiff has appealed claiming error in (1) the court's dismissal of the action and (2) the court's refusal to allow the amendment.
A complaint is a pleading. Practice Book 131;[1]
see also Practice Book 112; General Statutes52-91; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 18 (b). A pleading must "be signed by at least one attorney of record in his individual name." Practice Book 119;[2] see also General Statutes 52-90. A pleading shall not be filed in court unless it is signed by counsel. Practice Book 399[3]
Despite those basic rules, the plaintiff argues that they do not apply to summary process actions. Counsel contends that the provisions of General Statutes 52-89, 52-90, 52-91 and 52-97, dealing with the form of mesne process, pleadings and the contents of the complaint, do not apply to summary process actions because of the provisions of General *Page 391 
Statutes 52-122.[4] That latter statute provides that the general rules found in 52-89, 52-90,52-91 and 52-97 shall not affect certain special proceedings including summary process.
The plaintiff argues that the judges of the Superior Court are required by the provisions of General Statutes 51-15[5] to make the necessary orders and rules concerning the commencement and procedures for these special proceedings. Since no special rules in fact exist for summary process actions, and since the general rules do not apply because of the provisions of 52-122, the plaintiff argues that its failure to sign the complaint was not contrary to any required rule or procedure. Therefore, it was not a jurisdictional defect subject to dismissal, but rather a mere technical defect curable by amendment. Such an interpretation overlooks the provisions of General Statutes 51-14 and 47a-23a (a).
Section 51-15 requires the judges of the Superior Court to "make such orders and rules as they deem necessary or advisable concerning the commencement of process and procedure . . ." in certain special proceedings including summary process. Those orders and rules, however, are to be "[i]n accordance with the provisions of section 51-14
General Statutes 51-14 provides that "(a) [t]he judges of the supreme court and the judges of the superior court shall adopt and promulgate. . . rules and forms regulating pleading, practice and procedure in judicial proceedings in courts . . . ." The statute further provides, however, that "(b) [a]ll *Page 392 
statutes relating to pleading, practice and procedure in existence on July 1, 1957, shall be deemed to be rules of court and shall remain in effect as such . . . until modified . . . ."
General Statutes 47a-23a (a) dealing with the form of the summary process complaint states that the action will commence with a "writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process . . . ." That statute was originally enacted in 1939 and was in existence on July 1, 1957, the date set forth in General Statutes 51-14
(b)[6] This being the case, it continues in effect as a special rule governing summary process actions until modified by a later rule of the judges of the Superior Court. We therefore conclude that like ordinary writs, summons and complaints, the general rules of pleading, including the requirement of a signed complaint, govern summary process actions. With an unsigned complaint, the process should never have been accepted for filing. There was, therefore, nothing properly before the court over which the court might take jurisdiction. The motion to dismiss was properly granted.
The proposed amendment to the complaint was filed more than thirty days after the return day. This being the case, the amendment required the court's approval. Practice Book 175, 176. "Rulings on motions to amend pleadings lie in the sound discretion of the court . . . ." Wesson v. F. M. Heritage Co., 174 Conn. 236, 239, 386 A.2d 217
(1978). In determining whether there has been an *Page 393 
abuse of discretion, "[m]uch depends upon the particular circumstances of each case." Cummings v. General Motors Corporation, 146 Conn. 443,449, 151 A.2d 884 (1959).
Since there was no action properly before the court to which jurisdiction might attach, it is evident that there was no complaint properly before the court to which an amendment might be annexed. This being the case, there was no abuse of discretion in denying the motion to amend.
 There is no error.
In this opinion DALY and SPADA, Js., concurred.