HEDY SHOKITE *v.* MAXIMO PEREZ ET AL.
(7032)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 15—decision released July 25, 1989

*Bruce L. Levin,* with whom, on the brief, was *Daniel D. Portanova,* for the appellant (plaintiff).

*Carla Ottaviano,* with whom, on the brief, was *James Coyne,* for the appellee (named defendant).

O'CONNELL, J. The plaintiff appeals from the dismissal of her action for money damages for personal injuries sustained in a motor vehicle collision. The writ contained a May 1, 1984 return date and was properly signed by plaintiff's counsel as a commissioner of the Superior Court. The accompanying complaint, however, was unsigned. On May 7, 1984, the plaintiff filed a properly signed amended complaint.

The defendant[1] did not discover the absence of a signature on the original complaint until it was pointed out by the court at a pretrial conference nearly four years after the commencement of the action. As a result, on March 24, 1988, the defendant filed a motion to dismiss the action claiming that the omission of the signature on the original complaint deprived the court of subject matter jurisdiction pursuant to Practice Book § 145 and General Statutes § 52-45a. The court granted the motion to dismiss on April 12, 1988, and from that judgment the plaintiff appeals to this court. We find error.

---

[1] This action named Maximo Perez and the city of Bridgeport as defendants. Only Perez is a party to this appeal. Therefore, we refer only to Perez when we speak of the defendant in the singular.

Both parties rely on General Statutes § 52-45a[2] to support their arguments. The plaintiff claims that the statute requires a signature on the writ and does not extend the signing requirement to the complaint that must accompany it. The defendant contends that the statute mandates that both the writ and the complaint be signed by a commissioner of the Superior Court. The defendant is incorrect. The plain language of the statute provides only that a signed writ be accompanied by a copy of the complaint. That section contains no language directing counsel to sign the complaint as well. Where the language of a statute is clear and unambiguous, courts cannot "supply what the legislature chose to omit." *Lee* v. *Tufveson,* 6 Conn. App. 301, 304, 505 A.2d 18, cert. denied, 199 Conn. 806, 508 A.2d 31 (1986). Therefore, we cannot impose on the plaintiff the additional requirement of signing the complaint. We conclude that compliance with the statute was all that was required to give the court subject matter jurisdiction.

Interpretation of the statute, however, does not conclude the matter, as the defendant raises an alternative ground for sustaining the trial court's dismissal of the suit. The defendant argues that because a complaint is a pleading, as defined by Practice Book §§ 112 and 131, it must "be signed by at least one attorney of record in his individual name." Practice Book § 119. The defendant claims that the plaintiff's noncompliance with § 119 deprived the trial court of subject matter jurisdiction and mandated dismissal of the action. We disagree.

---

[2] Section 52-45a provides in pertinent part: "Civil actions shall be commenced by legal process consisting of a writ of summons . . . describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint . . . and shall be signed by a commissioner of the superior court . . . ."

The plaintiff's failure to comply with § 119 does not warrant dismissal of the action. Both the General Statutes and the rules of practice allow the plaintiff, as a matter of right, to amend *"any* defect, mistake or informality" in the pleadings within thirty days of the return date. (Emphasis added.) General Statutes § 52-128; Practice Book § 175. In the present case, therefore, the plaintiff's timely filing of a properly signed amended complaint cured the defect of the missing signature in the original complaint.

The defendant finally contends that the failure of the plaintiff's counsel to sign the complaint violated Practice Book § 399, which prohibits the court clerk from filing any paper that has not been signed by counsel.[3] This argument is unavailing because the obligation created by Practice Book § 399 is imposed on the clerk and not on the plaintiff. " 'For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers . . . are generally directory.' 2A Sutherland, Statutory Construction (4th Ed. Sands) § 57.19." *Tramontano* v. *Dileto,* 192 Conn. 426, 432, 472 A.2d 768 (1984); *State* v. *White,* 169 Conn. 223, 238, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975) (obligations imposed on judge were directory); *State ex rel. Arcudi* v. *Iassogna,* 165 Conn. 203, 205–206, 332 A.2d 90 (1973) (obligation imposed on governor was directory); *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967) (obligation imposed on zoning authority was directory). Furthermore, § 399 contains no sanction for noncompliance. We conclude that § 399 is directory, and therefore the clerk's acceptance of the unsigned complaint should not disadvantage the plain-

---

[3] Practice Book § 399 provides in pertinent part: "No pleading or paper in any case shall be filed by the clerk until it shall have been signed by counsel . . . . "

tiff. In addition, the plaintiff's timely amendment corrected the pleading defect, nunc pro tunc, thereby curing the clerk's oversight retroactively to the time of filing the original complaint.

We recognize that in *Housing Authority* v. *Collins,* 38 Conn. Sup. 389, 392–93, 449 A.2d 189 (1982), the Appellate Session of the Superior Court upheld the dismissal of a summary process action because the complaint had not been signed. This case, however, can be distinguished from *Collins* because there the plaintiff failed to amend its complaint within the thirty days allowed for amendment as of right. Id., 392. Therefore, the decision whether to permit the amendment and thus cure the defect was within the discretion of the trial court. See Practice Book § 176. Here, by contrast, the plaintiff acted promptly to correct, as a matter of right, the omission of the signature, leaving nothing for the court's discretion.

Finally, we point out that "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978). To that end, the rules of practice are to "be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book §§ 6 and 4187. In light of this settled policy and for the reasons previously stated, we find that the motion to dismiss was improperly granted.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.