[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REOPEN AND FOR LEAVE TO FILE AMENDED COMPLAINT
Plaintiff brought this action on March 16, 1990 pursuant to 9-329a of the General Statutes challenging the outcome of a Democratic Party primary election held on March 5, 1990 to determine members of the Democratic Town Committee for the Seventh Assembly District in the city of Hartford. The matter was set down for a hearing on March 21, 1990. At that time the defendants moved to dismiss on the grounds that the plaintiff, who acted pro se, had failed to sign the complaint, as required by Practice Book 119. This court, based upon housing Authority v. Collins, 38 Conn. Sup. 389 (1982), granted the motion from the bench.
Subsequently, the plaintiff brought another action under 9-329a against the same defendants seeking the same relief and invoking the accidental failure of suit statute,52-592. Defendants again moved to dismiss on the grounds the second action was not commenced within the ten-day period required by 9-329a. On April 26, 1990 the attorneys for the parties came to the chambers of this court to schedule argument on the second motion to dismiss. This court told counsel he had recently come upon the opinion in Shokite v. Perez,19 Conn. App. 203 (1989), which cast doubt upon his reliance upon Housing authority v. Collins, supra, as the basis for dismissing the first suit. The court suggested plaintiff's counsel promptly bring a motion to reconsider its earlier ruling and that defendant's motion to dismiss the second suit should be deferred until that motion to reconsider was acted upon.
Plaintiff's counsel waited from April 26 to July 20, 1990 to bring the present motion before the court to reopen the judgment of dismissal and to request permission to file an amended complaint. The defendants oppose both motions.
The ground expressed in the motion to reopen is that plaintiff's counsel did not have time to review and respond to defendant's motion to dismiss. At the hearing plaintiff's counsel had the opportunity to argue and in open court conceded that Housing Authority v. Collins was a valid basis for dismissal. CT Page 2140
Plaintiff's motion is less a motion to reopen a judgment than a motion for the court to reconsider its previous ruling in light of Shokite v. Perez, supra. In that case the Appellate Court heard an appeal from the trial court's dismissal of an action on the ground that plaintiff's counsel had signed the writ but failed to sign the complaint. At issue was an interpretation of 52-45a, which provides:
 "Civil actions shall be commenced by legal process consisting of a writ of summons . . . describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint . . . and shall be signed by a commissioner of the superior court."
The Appellate Court construed the statute to require that plaintiff's attorney sign the writ only. It held his failure to sign the complaint was not a jurisdictional defect.
The Appellate Court also dealt with the requirement of Practice Book 119 that all pleadings filed in court must be signed by a party or his attorney. The court noted in Shokite v. Perez that the plaintiff had filed an amended complaint duly signed, within the thirty days he had the right to do so and this cured the failure to sign the original complaint.
In this case the plaintiff did not file a signed amended complaint before this court acted on the defendant's motion to dismiss or within thirty days after the original complaint was filed. Thus Shokite v. Perez does not require that this court, on reconsideration, change its original decision dismissing this case.
If plaintiff's motion is taken as a motion to reopen a judgment pursuant to Practice Book 326, it is observed that it was filed on July 20, 1990, the last day of the four-month period allowed for such a motion. The plaintiff did not file a memorandum of law in support of its motion until August 6, 1990. Practice Book 209 requires that such a memorandum be filed with the motion. Defendants urge this court to find that the motion to reopen was filed after the four months required by Practice Book 326 when a memorandum of law did not accompany it, but cites no cases to support this contention. This court declines to so rule.
Rather, this court refuses plaintiff's request for leave to file the amended complaint, opposed by the defendants, on the CT Page 2141 ground that under all the circumstances, the amended complaint was filed too late and caused untoward delay of this case. Section 9-329a requires that a complaint challenging the results of a primary election must be brought within ten days of the election and further requires that a hearing be held and a judgment rendered expeditiously. In this case the certified winning members of the Democratic Town Committee have served since March and have performed many duties, including serving as delegates to conventions which have nominated candidates for election this fall. By the plaintiff waiting four months to the date after dismissal of the first suit and two months after the court suggested he move to reconsider, before requesting leave to file an amended complaint, he forfeited any right to leniency by the court, and the court exercises its inherent discretion under Practice Book 176 to refuse such leave to file.
Without an amended complaint before it, the court, on the authority of Housing Authority v. Collins, supra, and Shokite v. Perez, supra, can and does deny plaintiff's motions.
Robert Satter, J.