[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
This action stems from the alleged negligence of the defendant, the St. Pierre Oil Company ("the Company"), and its agents and employees. The plaintiffs, Middlesex Mutual Assurance Company ("Middlesex") and Mary Rower, caused a summons and complaint to be served on Federich St. Pierre, "c/o St. Pierre Oil Company." However, the allegations of the complaint are directed only at the Company. On February 13, 1992, Federich St. Pierre filed a motion to dismiss on the ground of insufficiency of process. The defendant attached to its motion a supporting memorandum. The plaintiffs, on February 21, 1992, filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is the proper manner by which to assert insufficiency of process. Practice Book 143(4). See also Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985).
The defendant claims that the complaint should be dismissed because its allegations are directed against only the Company, on whom the plaintiffs failed to make service. Furthermore, the defendant states the complaint fails to make any allegations against Federich St. Pierre, on whom service was made. The plaintiffs respond by stating that "the Mistake Alleged in the Summons is a mistake or informality which should more properly be corrected under Connecticut General Statute Section 52-130." Thus, the plaintiffs apparently contend that the summons mistakenly lists Mr. St. Pierre as the defendant, and that the Company should be named as a defendant in place of Mr. St. Pierre.
General Statutes 52-128 and 52-130 allow a plaintiff to amend any defect, mistake or informality in the pleadings. Shokite v. Perez,19 Conn. App. 203, 206, 561 A.2d 461 (1989). General Statutes 52-130
states, in pertinent part, that:
 Parties may amend any defect, mistake or informality in the pleadings or other parts of the record or proceedings. When either party supposes that in any part of the pleadings he has missed the ground of his plea, and that he can plead a different plea that will save him in CT Page 2505 his cause, he may change his plea . . . and plead anew . . . Any court may restrain the amendment or alteration of pleadings, so far as may be necessary to compel the parties to join issue in a reasonable time for trial.
General Statutes 52-130.
General Statutes 52-128 states, in pertinent part, that:
 The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts, which might have been originally inserted therein, without costs within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same. (Emphasis added.)
General Statutes 52-128.
"The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." Farell v. St. Vincent's Hospital, 203 Conn. 554, 562, 525, A.2d 954 (1987). The present matter was returnable to this court January 14, 1992. Consequently, permitting the plaintiffs to amend their mistake will not unduly delay the proceedings of this case. Therefore, the motion to dismiss is denied and, pursuant to General Statutes 52-128 and 52-130, the plaintiffs are permitted to amend its summons.
PICKETT, JUDGE