[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO DISMISS
The defendants have moved to dismiss the plaintiff's complaint pursuant to 142 of the Practice Book because the writ, which was dated December 11, 1991, incorrectly stated that it was returnable on January 7, 1991 instead of January 7, 1992, and that in any event, the plaintiff's motion should be granted on the ground that the writ was returned to court on January 2, 1992, which was less than six days prior to Tuesday, January 7, 1992, which would have been the proper return day pursuant to 52-48 of the General Statutes.
On March 9, 1992, the plaintiff filed a request to amend the return date to January 7, 1992, and objected to the defendants' motion to dismiss on the ground that the alleged defect in the text of the writ was an amendable circumstantial defect under 52-123 of the General Statutes. The defendants filed an objection to the plaintiff's request to amend on the ground that the "defect sought to be amended is more than a typographical error and the amendment is untimely."
In the course of the hearing on the motion, the plaintiff argued that typographical errors of this kind frequently occur at the close of the current year and the beginning of the new year and can therefore be properly characterized as "circumstantial errors, mistakes or defects" within the meaning of 52-123, which provides that no such "writ, pleading, judgment or any kind of proceeding in court . . . shall be abated . . . if the person and the cause may be rightly understood and intended by the court." The case of Hoxie v. Payne, 41 Conn. 539, which involved an identical defect in the plaintiff's writ was also referred to in argument as authority for the proposition that this kind of defect is not amendable because it is "jurisdictional" rather than "circumstantial."
It should be noted that the Supreme Court's holding in Hoxie that the plaintiff's inadvertent reference to the prior year was "clearly not amendable" was based on the rationale that the writ "was not made returnable to the court which was asked to amend it, but to one which sat a year before [and would] have given it cognizance of a cause which, on its face, was made returnable to another tribunal." Id. at 540. Accordingly, Hoxie has little, if any, precedential value because the superior court now sits "continuously throughout the year" pursuant to 51-181
of the General Statutes.
In its most recent decision construing 52-123, our CT Page 4704 Supreme Court has stated that "despite its facially expansive language" the statute has been limited in its application to "defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431 at 434-35. Section 52-72
of the General Statutes, on the other hand, permits the court to "allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . .", and its purpose is to provide for the amendment of otherwise incurable defects that go to the court's jurisdiction. Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 478-79.
An improper return date affects the court's jurisdiction and could not have been corrected at all prior to the enactment of 52-72. Carlson v. Fisher, 18 Conn. App. 488,495-96. Because the defect of an improper return day is not a minor one, subsection (b) of the statute provides that the amended process "be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form."
Accordingly, the plaintiff's request to amend is granted, but service of the amended process must be made pursuant to 52-54 of the General Statutes. See Brandriff v. Sellas, 40 Conn. Sup. 243, 245.
The alternative ground of the defendants' motion is that the writ was returned to court on Thursday, January 2, 1992, which was only five days before the proper return day of January 7, 1992.
Section 405 of the Practice Book provides that clerks' offices "shall not be open on legal holidays [and if] the last day for filing any matter in the clerk's office falls on a day on which such office is not open, . . . then the last day for filing shall be the next business day upon which such office is open." Section 51-347c of the General Statutes provides that "[i]f the last day for filing of any matter in the clerk's office of the superior court falls on a day on which such office is closed, the last day for such filing shall be the next business day."
A writ is "returned" within the meaning of 6-32 of the General Statutes when it is filed with the clerk of the court. Stephenson, Conn. Civil Procedure, 22(b). Court rules which exclude final weekend days and holidays from statutory time periods for filing have been construed to CT Page 4705 apply as well to jurisdictional time periods unless a specific statutory provision requires otherwise. United Mine Workers v. Dole, 870 F.2d 662, 665 (D.C. Cir. 1989).
For the foregoing reasons, the defendants' motion to dismiss is denied.
The plaintiff's request to amend the return date to January 7, 1992 is granted, and the plaintiff is directed to make service on the defendant in accordance with 52-72 (b) of the General Statutes within two weeks of the receipt by counsel of notice of the court's decision.
HAMMER, J.