[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The defendant has filed a Motion to Dismiss in this residential summary process action seeking to dismiss the complaint on the basis that the return of the complaint to court was not made "at least three days before the return day" required C.G.S § 47a-23a(a). The plaintiff claims that it CT Page 718 amended the complaint and the return date prior to the decision on the motion to dismiss and therefore the amended return date corrected the defect in C.G.S. § 47a-23a(a). The plaintiff citesConcept Associates, Ltd v. Board of Tax Review, 229 Conn. 618
(1994) for this authority. The defendant argues that ConceptAssociates is limited by its facts to an incorrect return date: i.e not a Tuesday C.G.S § 52-48(a) and not to the late return to court as occurred in this case.
FACTS
The plaintiff served a writ, summons and complaint with a return date of December 28, 1993. The plaintiff neglected to return the served writ summon and complaint to the Housing Session Judicial District Stamford-Norwalk at the courthouse at 17 Belden Avenue, Norwalk "at least three days before the return day." Therefore the untimely return of the writ summons and complaint violated C.G.S § 47a-23a(a). The defendant filed a motion to dismiss on the basis of the violation of C.G.S. § 47a-23a(a), by reason of the failure to comply with "at least 3 days" requirement.
The defendant in accordance with C.G.S § 52-72(a)
immediately amended his process which return date on that amended process was in compliance with the "at least 3 days" requirement of C.G.S § 47a-23a(a). That amendment rendered moot the defendant's motion to dismiss. The defendant filed a second motion to dismiss along with a memorandum of decision.
LAW
Connecticut General Statutes § 52-48 states that process in civil actions shall be made returnable on any Tuesday in any month and that the "return day in any summary process action may be any week day, Monday through Saturday except a holiday."C.G.S § 52-72 permits amendment of process "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement."
Prior to June 14, 1994 the Appellate Courts have consistently held that an amendment of process under Connecticut General § 52-72 could not be made once the original return date had passed. Danziger v. Shakanitis, 33 Conn. App. 6, 12, CT Page 719 (1993); Arpaia v. Corrone, 18 Conn. App. 539, 541 (1989).
"An improperly specified return date affects the court's jurisdiction . . . the incorrect return date should not be viewed lightly. The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until Connecticut General Statutes § 52-72
was enacted." Carlson v. Fisher, 18 Conn. App. 488, 495-96
(1989). (Citations and internal quotations eliminated). "It is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed even prior to the return day. Arpaia v. Corrone, supra 541. Until such time as a proper return is made to court, it lacks jurisdiction to consider the matter. Danziger v. Shakanitis, supra 11.
In Carlson v. Fisher, supra 495-496 a motion to dismiss was filed before the date of return had passed. There is no indication whether the amendment was filed before or after the return date had passed. Arpaia v. Corrone, supra 541. The Appellate Court stated that when the return of service is not timely, it is a defect that cannot be cured by an amendment. "The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended." Arpaia v. Corrone, supra 541.
The Appellate Court held in Concept Associates, Ltd. v.Board of Tax Review, 31 Conn. App. 793 (1993), that a plaintiff's request to amend a action after the return day has passed is defective and that a motion to amend the return day was not properly before the court. The court lacked subject matter jurisdiction and Motion to Dismiss was be granted. On appeal Supreme Court reversed and remanded the case to the trial court with direction to grant the motion to amend. ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618 (decided June 14, 1994). Concept Associates analyzed the legislative history of Connecticut General Statutes § 52-72 which was originally adopted in 1917. "It appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected." Concept Associates Ltd. v. Board of Tax Review, supra 623; Hoxie v. Payne, 41 Conn. 539 (1874). The Supreme Court further indicated in Concept Associates that Connecticut General Statutes § 52-72 is to provide for amendment of otherwise incurable defects that go to the courts jurisdiction. HartfordCT Page 720National Bank Trust Co. v. Tucker, 178 Conn. 472, 478-79
(1979). "The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Concept Associates Ltd. v. Board ofTax Review, supra 623.
The Supreme Court indicated that § 52-72 "must be liberally construed in favor of those whom the legislature intended to benefit." Hartford Fire Insurance Co. v. Brown, 164 Conn. 497,503 (1973). "Statutes such as § 52-72 were intended to take the sharp edges off the common law: over technical formal requirements have ever been a problem of the common law, leading the legislature at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." Concept Associates Ltd. v. Board ofTax Review, supra 623-624.
Concept Associates, involved a return date of a Thursday which was in violation of the Tuesday required return date under Connecticut General Statutes § 52-48. This instant case involves a correct return date under § 52-48. December 28, 1994 is a Wednesday which is a permissible return date under the summary process requirements of the statute. The Supreme Court made no distinction between those two type of defects. In conclusion the Supreme Court said "we reject the defendants' claim that an amendment to correct a defective return date is proper under § 52-72 only if it is sought before the return date has passed."
In the specific language under § 52-72 there are two reasons why a court would be allowed to permit a proper amendment to civil process. The first is when the "civil process which has been made returnable to the wrong return day." The second reason is "for any other reason defective." The first phrase applies to the Thursday versus Tuesday wrong return date. The second phrase applies to the facts of this case. This court holds that a failure to return a writ to court in violation of the "at least three days" rule of Connecticut General Statutes § 47a-23a(a) could be corrected by an amendment of process in accordance with Connecticut General Statute § 52-72 even when the original return day has passed. Concept Associates Ltd. v.Board of Tax Review, supra 625.
It appears that the defendant is also arguing that the court exercise its discretion and deny the amendment to the civil process. "The decision whether to permit the amendment CT Page 721 and thus cure the defect was within the discretion of the trial court." Housing Authority v. Collins, 38 Conn. Sup. 389, 392-393
(1982); Shokite v. Perez, 19 Conn. App. 203, 207 (1989).
The court in exercising its discretion to permit amendments must consider the Connecticut public policy on pleadings. "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574 (1978). "To that end, the rules of practice are to be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice § 6. Shokitev. Perez, supra 207.
"It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects."Hartford National Bank Trust Co. v. Tucker, supra 477-78.C.G.S § 52-123. The listing of a number of circumstantial defects held not subject to dismissal is contained in First FederalSavings and Loan Association v. Pellechia, 31 Conn. App. 260,264-265 (1993).
There are substantive defects which will subject a case to a motion to dismiss. Those defects involve irregularities in the service or return of process and other matters that implicate the court's subject matter jurisdiction. FirstFederal Savings Loan Associates v. Pellechia, supra 266;Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 434-435 (1989).
The Supreme Court in Concept Associates Ltd v. Board of TaxReview, decided as a public policy matter, process under Connecticut General Statutes § 52-72 may be amended even though the return day has gone by and thus defects in the process of that nature join circumstantial defects which will not be subject to a motion to dismiss.
The court therefore would exercise its discretion and permit an amendment of process in accordance with C.G.S. § 52-72
even though the original return date of December 28, 1994 has passed. The remedial statute § 52-72 must be liberally construed in favor of those whom legislature intended to benefit.Hartford Fire Insurance Co. v. Brown, 164 Conn. 497, 503 (1973);Concept Associates, Ltd v. Board of Tax Review, supra 623. CT Page 722
The plaintiff by amending its process in accordance with Connecticut General Statutes § 52-72 has corrected the jurisdictional defect caused by the late return of process in accordance with Connecticut General Statutes § 47a-23a(a).
Thus the court denies the Motion to Dismiss.