[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This issue in this case is whether or not a return day of November 11, 1995 is a holiday and its use in this case thus deprives the court of subject matter jurisdiction in accordance with Connecticut General Statutes § 52-48(a).
FACTS
This is a residential summary process action involving an apartment located on Main Street in Bridgeport, Connecticut. The landlord had executed and served a notice to quit requiring the defendant to quit the premises on October 27, 1995 alleging non payment of the rent due October 1, 1995. The notice to quit was served on October 18, 1995. The plaintiff landlord, acting pro se, commenced this action by having the clerk of the Housing Session sign a writ, summons and complaint on October 30, 1995. When the plaintiff appeared pro se to have the summons signed the clerk selected the return day of November 11, 1995.
The writ, summons and complaint was served on October 31, 1995. The defendant appeared pro se on November 13, 1995 and filed a timely motion to dismiss claiming that the writ, summons and complaint were made returnable Saturday, November 11, 1995, a public holiday. Although the defendant did not file a memorandum of law or offer any evidence at the hearing on the motion to dismiss she brought with her a published calendar which indicated that Saturday, November 11, 1995 is a legal holiday.
The plaintiff hired counsel. She appeared and argued against the motion to dismiss. The plaintiff did not file a memorandum of law.
DISCUSSION OF LAW
An improper return day deprives the court of subject matter jurisdiction. Concept Associates Ltd. v. Board of TaxReview, 31 Conn. App. 793, 796 (1993). The return day is set by statute. "The return day in any summary process action may be any week day, Monday through Saturday, except a holiday." CT Page 14656Connecticut General Statutes § 52-48(a)
The plaintiff did not file a formal request to amend the return day in accordance with Connecticut General Statutes § 52-72. "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day. . . ."Connecticut General Statutes § 52-72(a). Had the plaintiff filed such a motion of the court would have the authority to grant the amendment. Concept Associates Ltd. v. Board of Tax Review,229 Conn. 618, 625 (1994). Before the June 14, 1994 decision inConcept Associates the Appellate Courts had consistently held an amendment of process under Connecticut General Statutes § 52-72
could not be made once the original return day has passed.Arpaia v. Corrone, 18 Conn. App. 539, 541 (1989); Danziger v.Shaknaitis, 33 Conn. App. 6, 12 (1993). Since ConceptAssociates this court has granted such amendments for the incorrect return day and/or the late return to court which is another way of stating an incorrect return day. TackeEnterprises, Inc. v. Garcia, SNBR-409, 13 Conn. L. Rptr. 463 (January 27, 1995) (Tierney, J.). The court is not required to exercise its discretion concerning granting such an amendment since no amendment was filed. The decision of this court turns on whether or not Saturday, November 11, 1995 is a holiday.
CONCLUSION OF COURT
 Connecticut General Statutes § 52-48 applies to summary process actions and controls the return day. A Saturday is a proper return day in summary process actions. The clerk properly selected a Saturday as a week day and a Saturday is a proper return date in all summary process actions unless it is a holiday.
Holidays are defined by statute. "In each year the . . . . . . . . . shall each be a legal holiday." ConnecticutGeneral Statutes § 1-4. The statute furnishes a litany of days that are recognized as legal holidays. The defendant's motion to dismiss uses the phrase a "public holiday" and the language of the opposition argument referred to the phrase as "holiday." The correct legal issue is whether or not Saturday, November 11, 1995 is "legal holiday" as set forth under Connecticut GeneralStatutes § 1-4. Although Connecticut General Statutes § 52-48(a)
refers to the word "holiday", the return day statute is bound by the "legal holiday" definition of Connecticut General Statutes§ 1-4. Connecticut General Statutes § 1-4 states that "the CT Page 14657 eleventh day of November (known as Veterans' Day)" is a legal holiday.
The genesis of Veterans' Day occurred on June 28, 1914 on a public street in Sarajevo, the then capital of the Austrian province of Bosnia. A Bosnian student, Gavrilo Princip, assassinated Archduke Francis Ferdinand, heir to the throne of Austria-Hungary. Princip had lived in Serbia. Suspecting that the Bosnian student had the approval of Serbia in the plot to kill Archduke Ferdinand, Austria-Hungary declared war on Serbia.
Within months the world was at war divided into two groups: the Allies consisting of France, the British Empire, Serbia, Russia, Brazil, Thailand and years later the United States and the Central Powers consisting of Germany, Austria-Hungary, Bulgaria and the Ottoman Empire including what is now Turkey. "The Great War" continued for over four years. The war ended on November 11, 1918.
North of Paris is the forest of Compiegne. It was in the heart of the Western Front. A railway car was designated for the signing of the Armistice agreement ending World War I. The Allies were represented by Marshal Ferdinand Foch of France and the Central Powers by German Secretary of States Matthias Erzberger. According to the Armistice the hostilities were to end at 11:00 am on the morning of November 11, 1918.
Ever since, the 11th hour of the 11th day of the 11th month has been designated an hour of remembrance by the participating countries. President Woodrow Wilson declared November 11th as a day of remembrance. It was named "Armistice Day" in order to remind Americans of the tragedies of war. It was the first such national holiday dedicated as a reminder of war. Memorial Day celebrates the participation of the Northern troops in the Civil War and is not recognized to this day by most of the former confederate states. In 1938 the United States Congress designated November 11th a federal holiday. In 1954 Congress changed the name to Veterans' Day to honor all United States veterans.
For many years November 11th was also a state legal holiday. Connecticut General Statutes § 1-4. In response to a waning interest in the historical significance of the events that occurred in a railway car in a remote French forest on the 11th hour of the 11th day of the 11th month, the Connecticut CT Page 14658 General Assembly moved the legal holiday to the fourth Monday of October. Thereafter in response to concerns raised by Veterans, the legal holiday was later changed in 1973 back to November eleventh where it remains today. Public Act 73-3.
In 1983 an exception was added to Connecticut GeneralStatutes § 1-4 so that any legal holiday occurring on Saturday be observed on Friday. Public Act 83-523. This provision is found at the end of the first sentence of Connecticut General Statutes§ 1-4, a sentence that is more than 200 words long. Public Act83-523 added the phrase; "and whenever any of such days occurs upon a Saturday, the Friday immediately preceding such day shall be a legal holiday". Connecticut General Statutes § 1-4.
The calendar presented and offered by the defendant showed that Saturday, November 11th was a legal holiday. The defendant also noted that the calendar provided by the Housing Session outside the clerk's office, supplied but not printed by the Judicial Department, also indicates Saturday, November 11th as a legal holiday. The calendar printed by the Connecticut Bar Association indicates that Friday, November 10, 1995 is "Veterans' Day (observed)-legal holiday". There is no mention on the Connecticut Bar Association calendar of any holiday occurring on Saturday, November 11, 1995.
The court then is required to determine whether or not the exception when November 11th falls on a Saturday designating the prior Friday as a legal holiday carves out a further exception and makes Friday, November 10th the "observed legal holiday" and Saturday, November 11th as the actual "legal holiday". Therefore the legislature would have created two legal holidays.
"The fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature." Warkentin v. Burns, 223 Conn. 14, 20 (1992). In order to determine the legislature's intent "this court is to be guided by the language, purpose and legislative history of the statute in question." Vanzant v. Hall, 219 Conn. 674, 682
(1991). In the absence of ambiguity courts cannot read into statutes, by construction, provisions which are not clearly stated. Carothers v. Capozziello, 215 Conn. 82, 120 (1990). Principles of statutory construction "require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." Turner v. Turner, 219 Conn. 703, 712
(1991). "We must avoid a consequence which fails to attain a CT Page 14659 rational and sensible result which bears most directly on the object which the legislature sought to obtain." Peck v.Jacquemin, 196 Conn. 53, 63-64 (1985).
It is clear to this court that the Connecticut General Assembly in permitting Armistice Day to be a legal holiday shortly after the cessation of the Great War intended to memorialize a significant event in American and World History. It became common for these significant events to recede in the memory of the citizens of the United States. Such holidays became more an extended weekend than celebration of a patriotic holiday. The legislature permitted the fourth Monday of October to be designated as the alternate celebration for Armistice Day. November 11th no longer was a "legal holiday." Public Act 73-3
reasserted its patriotic significance by reestablishing November 11th as the date, foregoing the luxury of a three day weekend in late October. The legislature in 1983 further intended to engraft the possibility of a three day weekend by creating an exception when the legal holiday fell on a Saturday. The holiday would be celebrated on the preceding Friday.
It does not appear that the legislative intent was to disavow the significance of the November 11th event which occurred 77 years ago in a forest in northern France. It would be a bizarre result if there are two annual holidays for Veterans' Day; One on November 11th and one on Friday November 10th when November 11th fell on a Saturday. The legislature did not intend that every six years Veterans' Day would be celebrated one day a year and every seventh year, when it fell on a Saturday, it would celebrate two days a year. It is noted that this Saturday exception applies to other holidays such as New Year's Day and Christmas.
The court concludes that the publishers of the Connecticut Bar Association were correct and the publishers of the other calendars that have found common usage even in the court houses of the State of Connecticut are incorrect. Saturday, November 11, 1995 is not a "legal holiday". Friday November 10, 1995 is a "legal holiday" in the State of Connecticut. ConnecticutGeneral Statutes § 1-4.
The return day was proper under Connecticut GeneralStatutes § 52-48 since it fell on a week day; i.e. Saturday, which selected return day was not a "holiday". CT Page 14660
The Motion to Dismiss is denied.
This court would be remiss if it did not note the ironic timeliness of the argument made in this Motion to Dismiss. This Motion was argued before the court on November 22, 1995. Three days before in a hotel on the grounds of Wright-Patterson Air Force Base just outside Dayton, Ohio a peace accord was signed. It's purpose was to bring peace to the streets of Sarajevo the very streets whose violence 81 years before brought the earth to its first "World War". The peace accord was signed by Serbian President Slobodan Milosevic, Bosnian President Alija Izetbegovic and Croatian President Franjo Tudjman.
The treaty required that the streets of Sarajevo be turned over to Bosnian control. United Nations troops would monitor the peace supplemented by 20,000 American personnel. On the very day of the legal argument in this court leaders of the Serb-held suburbs of Sarajevo told the heads of their government that they would not accept the peace accord that required them to cede control of their portion of the city. "Those who do not heed the lessons of history, are bound to repeat them." Winston Churchill, May 10, 1941 Parliament address. The events that occurred at the 11th hour on the 11th day of the 11th month in a small railway car in France still have great meaning to the entire world. Armistice Day was dedicated to remind us of the tragedies of war. Serbia sustained over 330,000 casualties in World War I, larger than those of the United States. Let us hope the memory of Armistice Day and the loss of lives both before and after World War I will continue the peace reached by agreement in Dayton.
"The Republic of Bosnia and Herzegovina, The Republic of Croatia and the Federal Republic of Yugoslavia (the `Parties') recognizing the need for a comprehensive settlement to bring an end to the tragic conflict in the region. Desiring to contribute toward that end and to promote an enduring peace and stability." General Framework Agreement for Peace in Bosnia andHerzegovina, U.S. Department of State, November 21, 1995, Dayton, Ohio.
BY THE COURT,
KEVIN TIERNEY, JUDGE CT Page 14661