[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiffs, Madeline Slater and Rodney Kearse, bring this action sounding in malpractice against the defendants, Mount Sinai Hospital and Dr. Rudolfo Bulaong, as a result of the death of the plaintiffs' decedent Rodney Kearse, a still-born child. In the Third Count of the Amended Complaint dated June 12, 1995 claiming damages from the hospital under General Statutes §52-555 the plaintiff, Madeline Slater, alleges that she "brings this action as administrator on behalf of the estate of her unborn child, Rodney." CT Page 8357
The defendant hospital moved on July 13, 1995 for the court to dismiss the Third Count for lack of subject matter jurisdiction, because Madeline Slater was not appointed Administratrix until October 17, 1994 although suit was commenced on September 13, 1994 with a return day of October 25, 1996.
— I —
The record discloses that defendant originally filed a motion to dismiss the original complaint on November 14, 1994 which raised the same jurisdictional question, but that motion was never acted on. That original complaint alleged that Madeline Slater . . . brings this action on her behalf and on behalf of the estate of her unborn child, Rodney. . . ." On November 17, 1994, plaintiffs filed a motion to amend the original complaint by indicating that Madeline Slater was bringing this action as administratrix of the estate of Rodney Kearse "having been appointed to such position as of October 17, 1994."
— II —
Defendant hospital maintains that a wrongful death action under General Statutes § 52-555 can be brought only by an executor or administrator of decedents' estate, and when this action was commenced, Slater had not been appointed administratrix and therefore this court has no jurisdiction. Plaintiff claims that General Statutes § 52-128 and Practice Book § 175 confer the unqualified right to amend a complaint within thirty days after the return date and an amendment made as of right takes effect ab initio and may cure the claimed jurisdictional defect.
This court has recently reviewed the divided Superior Court opinions in Connecticut on the question of whether a complaint must be dismissed because the appointment of a fiduciary had not been confirmed by a Probate Court prior to institution of suit.Vasel v. Vasel, Superior Court judicial district of Hartford-New Britain at Hartford Docket No. 556058 (September 17, 1996, Wagner, S.T.R.) In that breach of contract case, we held that any jurisdictional defect arising from the failure of executrix to be approved by the Probate Court at the time she commenced her action, was subsequently cured by an amendment filed within thirty days after the return date, the original complaint having sufficiently identified the executrix. CT Page 8358
— III —
In this case, the administratrix not yet appointed is named and identified in the complaint as the mother of the "unborn child Rodney." The amendment filed even before the return date, states the date of her appointment.
It is recognized that several Superior Court decisions have regarded complaints by estate fiduciaries not yet appointed as nullities and therefore not subject to amendment of any kind. Such a harsh rule serves no useful purpose when the putative fiduciary can be clearly identified by name, is appointed within a relatively short time and the appointment is confirmed by amendment filed within thirty days of the return date under General Statutes § 52-128 and Practice Book § 175;Shokite v. Perez, 19 Conn. App. 203, 205 (1989); CaliforniaMicrowave-Telecom v. State of Connecticut, et al., Superior Court, judicial district of Hartford-New Britain at Hartford Docket No. 552196 (September 8, 1995, Corradino J.,15 Conn. L. Rptr. 39);Sleeping Giant Assoc. Ltd. v. Zikorus, Superior Court, judicial district of New Haven at New Haven, Docket No. 535276 (July 16, 1993, Riddle, J.).
Motion to Dismiss Third Count is denied.
Jerry Wagner Judge Trial Referee