[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (DOCKET ENTRIES 104, 106, 112, 122)
The plaintiffs, Leslie and Joan Srager, filed a five-count complaint against the following defendants: (1) Elliot and Evelyn Koenig, Kenneth Koenig, Koenig Condominium Complex (Koenig); (2) Stephen Lerner (Lerner); (3) Joseph F. McKeon, Joseph F. McKeon, Jr., P.C. (McKeon); and (4) Robert Ashkins and Cohen Wolf, P.C. (Ashkins and Cohen Wolf). The plaintiffs filed their complaint on January 20, 1999 pursuant to the accidental failure of suit statute, General Statutes § 52-592.[1]
Each of the four groups of defendants has filed a motion to dismiss the plaintiffs' complaint on the grounds that the return date is invalid; the plaintiffs' attorney failed to sign the complaint; process on the defendants was insufficient; service of process on the defendants was insufficient; and the plaintiffs' complaint was filed after the one year period allowed pursuant to § 52-592. The plaintiffs have filed a motion to amend process, to which the defendants object. The plaintiffs have filed objections to the defendants' motions to dismiss. The matter was heard by the court on March 15, 1999.
Practice Book § 10-31(a) provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." CT Page 4900
 A. Defective Return Date
Defendants Ashkins and Cohen Wolf filed a motion to dismiss (# 104) on February 11, 1999, arguing that the defective return date on the summons deprives the court of personal jurisdiction over these defendants. The plaintiffs filed a motion to amend process (# 103) on February 11, 1999, pursuant to General Statutes § 52-72.[2] Ashkins and Cohen Wolf, P.C. filed an objection to the plaintiffs' motion to amend process (# 108) on the ground that the request to amend was filed after their motion to dismiss.
The Supreme Court has stated that "`[i]t appears that [§52-72] was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected' [and has] also pointed out that `[i]ndeed, this court has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction'. . . . It determined that `[t]he apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defect of return date.'" (Citations omitted; Internal quotation marks omitted.)Haigh v. Haigh, 50 Conn. App. 456, 464, 717 A.2d 837 (1998).
Therefore, the motion to dismiss for failure to indicate a proper return date should be denied, because the policy behind § 52-72 indicates that an improper return date is the type or error that can be corrected pursuant to § 52-72. Furthermore, the request to amend the return date, which was filed on the same date as Ashkins' and Cohen Wolf's motion to dismiss, it timely and is granted.[3]
 B. Failure To Sign Complaint
Ashkins and Cohen Wolf also move to dismiss the plaintiffs' complaint on the ground that the plaintiffs' attorney failed to sign the complaint. The plaintiffs' request to amend process also addresses this ground for dismissal.
"A complaint is a pleading. . . . A pleading must be signed by at least one attorney of record in his individual name. . . . A pleading shall not be filed in court unless it is signed by counsel." (Citations omitted; internal quotation marks omitted.)Housing Authority v. Collins, 38 Conn. Sup. 389, 390,449 A.2d 189 (1982). In Collins, the Appellate Session of the Superior CT Page 4901 Court upheld the Superior Court's order granting the defendant's motion to dismiss on the ground that the plaintiff failed to sign its complaint, as well as the Superior Court's denial of the plaintiff's request to amend by filing a signed complaint. Id. InShokite v. Perez, 19 Conn. App. 203, 561 A.2d 461 (1989), the plaintiff's counsel filed a properly signed writ, but failed to file a signed complaint. Id., 204. The plaintiff thereafter filed a properly signed amended complaint. Id. Approximately four years after the plaintiff filed the amended complaint, the defendant moved to dismiss for lack of subject matter jurisdiction pursuant to General Statutes § 52-45a.[4] Id. The court held that compliance with § 52-45a was all that was required to give the Superior Court subject matter jurisdiction. The court reasoned that because § 52-45a does not require that a complaint, as opposed to a writ, be signed, the trial court erred in granting the defendant's motion to dismiss. Id., 205.[5]
Therefore, the court does not lack subject matter jurisdiction over the plaintiffs' suit for failure to sign the complaint.[6]
 C. Accidental Failure of Suit Claims
The Koenigs argue in their "Supplemental Memorandum of Law In Support of Motion To Dismiss" (# 110) that the plaintiffs made service on the Koenigs beyond the one year limitation of the accidental failure of suit statute. This argument is also raised in Ashkins and Cohen Wolf's "Supplemental Memorandum of Law In Support of Motion To Dismiss" (# 115), as well as McKeon's motion to dismiss (# 112) and Lerner's motion to dismiss (# 122).
General Statutes § 52-592 (a) provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . or a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . maycommence a new action . . . for the same cause at any time withinone year after the determination of the original action or after the reversal of the judgment." (Emphasis added.) "In Connecticut, `an action is commenced not when the writ is returned but when it is served on the defendant.' Broderick v. Jackman,167 Conn. 96, 99, 355 A.2d 234 (1974). `This court has long held that an CT Page 4902 action is brought once the writ, summons and complaint have been served upon a defendant.' Rana v. Ritacco, 236 Conn. 330,337, 672 A.2d 946 (1996). `In our jurisdiction, an action is commenced on the date of service upon the defendant.' Balboa v.Zaleski, 12 Conn. App. 529, 533, 532 A.2d 973 (1987)."Battaglia v. Colonial Condominium Association, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 157598 (March 24, 1998, Karazin, J.) (21 Conn. L. Rptr. 572, 574).
According to the docket sheet, the plaintiffs' original action was dismissed on December 12, 1997 pursuant to Practice Book § 251, now Practice Book (1998 Rev.) § 14-3. Srager v.Koenig, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322471. The sheriff's return attached to the plaintiffs' complaint in this action indicates that the sheriff served the defendants on December 22, 1998. It is clear that the plaintiffs failed to commence this action within one year from the dismissal of the prior action,[7] and therefore cannot take advantage of the accidental failure of suit statute.[8] Furthermore, the plaintiffs may not take advantage of the saving provision in General Statutes § 52-593a.[9]
Pursuant to § 52-593a(a), the plaintiffs were required to deliver process to the sheriff within one year from the date the original action was dismissed, December 12, 1997. Process was not delivered by the plaintiffs until December 14, 1998[10]
(Plaintiffs' Consolidated Memorandum In Support of Their Objections To The Defendants' Motions To Dismiss, Exhibit A, Affidavit of Deputy Sheriff Joan A. Swanson).
Accordingly, the defendants' motions to dismiss the plaintiffs' complaint is granted for lack of subject matter jurisdiction. See Biro v. Sidley Austin, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149415 (October 1, 1996, Tobin, J.) (17 Conn. L. Rptr. 629) (failure to meet requirements of § 52-592 could be considered a jurisdictional bar because where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period).
SKOLNICK, J.