In this case an application for a prejudgment remedy, accompanied by the unsigned writ, summons and complaint and the documents *Page 693 
required by General Statutes 52-278c,[1] was filed on April 8, 1974. It was claimed that the defendant owed the plaintiff $3,961.26. On April 23, 1974, the defendant filed a pleading entitled "Opposition to Prejudgment Remedy" in which, by affidavit, he denied that he owed the plaintiff the sum claimed.
The application for a prejudgment remedy was granted by the court on May 1, 1974, and the defendant was served with the writ, summons and complaint on May 9, 1974. On June 18, 1974, a motion for default for failure to appear was filed by the plaintiff. That motion was not served on the defendant.[2] On June 25, 1974, a default judgment was entered against the defendant, and, on July 5, 1974, he moved to open the judgment. The defendant's motion to open was denied by the court and he has appealed that denial to this court.
The defendant did not file a request for a finding and draft finding within ten days after filing his appeal, as required where review is sought of conclusions reached by the trial court upon the facts. *Page 694 
Practice Book 782A.[3] The defendant, therefore, is limited to claims of error apparent on the face of the record. Practice Book 783C. Accordingly, the only claim which we will consider is the claim that the court erred in not opening the default judgment because that judgment had been erroneously entered without notice to the defendant after the defendant had made a general appearance.[4] The resolution of that claim is dispositive of the appeal.
Practice Book 42 provides, in pertinent part, that an "attorney for any party to any action, or any party himself, may enter his appearance in writing with the clerk of the court to which such action is returnable at any time before a nonsuit or default has been entered against such party." The type of appearance, whether general or special, is not specified. There is no authority which suggests that either type of appearance would not be sufficient. See Smith v. Smith,151 Conn. 292, 294. Further, there are appearances in form and appearances in fact. The rule requiring a form of appearance is one of convenience. Rommell v. Walsh, 127 Conn. 16, 18. "The entry of an appearance need not necessarily be made by filing a formal *Page 695 
appearance form. The conduct of party may operate as general appearance." Beardsley v. Beardsley,144 Conn. 725, 730. As long as there is an appearance by a party in fact, it is of no legal consequence that there is no appearance form in the file. Schoonmaker v. Albertson Douglass Machine Co., 51 Conn. 387, 395.
In response to the plaintiff's application for a prejudgment remedy the defendant filed a pleading in which, by affidavit, he denied the substance of the plaintiff's claim against him. If this pleading had been filed in response to the complaint, it would have constituted an appearance in fact. See, e.g., Beardsley v. Beardsley, supra; Hill v. Hill, 135 Conn. 566, 569; Rommell v. Walsh, supra; School maker v. Albertson Douglass Machine Co., supra, 394; Ives v. East Haven,48 Conn. 272, 286.
Under the prejudgment remedy statute, 52-278c
(B), the application for a prejudgment remedy, the unsigned writ, summons and complaint and other specified documents are presented in duplicate to the clerk of the court. The clerk, if he finds the documents to be in proper form, is required to collect the entry fee and to place the duplicate original documents in the court file. Thus, to all intents and purposes, the case is then pending in court, although the writ has not been served and although the case may abort later because of the plaintiff's failure to serve the writ. The court becomes seized of the matter by virtue of the filing of the application, and the hearing on the application should be treated like any other interlocutory proceeding in a pending case.
It is generally held that if a party does any act that recognizes the case as pending in court and deals with the merits of the case he subjects himself to the court's jurisdiction. 5 Am.Jur.2d, *Page 696 
Appearances, 16. A general appearance may be implied when the defendant takes a procedural step, other than one contesting jurisdiction only, which will be beneficial to, the defendant or detrimental to the plaintiff. Beardsley v. Beardsley, supra, 730. In this case, the defendant filed an affidavit in which he denied, in effect, the allegations of the plaintiff's claim against him. That pleading was filed in a pending case. The defendant's conduct subjected him to the court's jurisdiction and, in fact, must be considered a general appearance which waived any further jurisdictional claims.
Practice Book 80(1) imposes on counsel the responsibility to serve on each other party who has appeared a copy of all pleadings subsequent to the original complaint. Since the record discloses that the defendant was not served with a copy of the plaintiff's motion for default, judgment, and order of payments, although he had in fact appeared as indicated by the record, the court should not have entertained the plaintiff's motion for default judgment or granted it. There is error, therefore, in the denial of the defendant's motion to open that judgment.
 There is error, the judgment is set aside and the case is remanded with direction to grant the defendant's motion to open and then to proceed according' to law.
In this opinion D. SHEA and SPONZO, Js., concurred.