[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Shiseido Company, Ltd., a Japanese corporation, moves to dismiss this action on the grounds that the plaintiff has failed timely to return process to the court as required by § 52-46a. The return date of March 15, 1994 exceeds the statutory limit prescribed by Sec. 52-48(b) but this was authorized by the court on December 13, 1993.
The defendant argues that return of service was not made until April 8, 1994 at which time the sheriff filed a "supplemental return" containing written proof of service on the defendant which was translated from Japanese. The defendant further claims that the April 8 supplemental return did not constitute compliance with § 52-46a because the process was not returned at least six days before the return day. The plaintiff's position is that mail service made by the sheriff on December 15, 1993 as evidenced by his return of service of that date and his supplemental return of service dated December 28, 1993 in which he attached a return receipt signed by the Japanese Minister of Foreign Affairs, constitutes constructive service and therefore was effective immediately upon the sheriff placing the process in the United States mail. "When jurisdiction is based on constructive service, jurisdiction cannot arise solely from the acts recited in the return. There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction" Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 53 (1993). Thus, the plaintiff has the burden of proving contested factual issues pertaining to personal jurisdiction. Professor Stephenson comments that constructive service is neither service nor process. It does not confer jurisdiction but gives notice that jurisdiction acquired in some other manner is being exercised. Stephenson,Civil Procedure 2d 1979 Cum. Supp. Sec. 4a at 8. Thus, the plaintiff has the burden of proving first, that constructive service was legally warranted here and second, that constructive service was in fact accomplished.
A.
CT Page 10446
The plaintiff's constructive service argument depends entirely upon whether the sheriff's mail service of December 15, 1993 constituted constructive service. The answer to that question depends upon the language of the "Convention of the Service Abroad of judicial and Extra-judicial Documents in Civil or Commercial Matters" known as the Hague Convention. Article 2 of that Convention provides that each contracting state shall designate a central authority which will undertake to receive requests for service coming from other contracting states. Japan has designated its foreign minister as the central authority. Article 4 provides that if the request
does not comply with the provisions of the convention a central authority shall promptly inform the applicant and specify its objections to therequest. Article 5 requires that the central authority serve the document or arrange to have it served by an appropriate agency.
In examining the events of this case, the return of December 15 has attached to it the official "request" made to the Japanese Minister of Foreign Affairs in which it expressly states that "the . . . applicant . . . requests prompt service . . ." (Emphasis supplied). If indeed, the return receipt filed by way of supplemental return on December 28, 1993 indicates that this request was received by the Japanese Minister of Foreign Affairs on December 20, 1993, then all that was done on December 15 was to post in the mail a formal request under the convention that service be undertaken by the central authority.
While Article 10 authorizes service by mail, such service is entirely contingent upon the receiving state consenting to such service. The plaintiff admits that Japan has declined to accept service my mail.
Article 6 contemplates the possibility that the central authority will not serve the document at all; thus, from examination of the various applicable provisions of the Hague Convention it is apparent that what the plaintiff refers to as constructive service by mail posted December 15, 1993 was nothing more than a formal mail request that service be made sometime in the future.
The plaintiff attempts to equate this form of mailing with constructive service made under Section 33-411a of the General Statutes. This analogue is inapposite and unavailing because Sec. 33-411a expressly designates the Secretary of the State as the agent for service of process and states that service made on the Secretary of State shall be effective as of the day and hour that it was made. Nor does the plaintiff's reliance on New York authority lend it aid. In Watt v. New York City Transit Authority,467 N.Y.S.2d 655 (1983) the New York Appellate Division held that under C.P.L.R. 2103, Subd.[b] service by mail is complete upon the deposit CT Page 10447 of a properly stamped and addressed letter in a depository under the exclusive care and custody of the U.S. Post Office. No such language appears in the convention. This court therefore holds that neither the December 15, 1993 nor the December 28, 1993 returns reflect service of process within the meaning of the Hague Convention or Section 52-59d of our General Statutes.
 B.
The plaintiff contends that even if service was defective the defendant has nevertheless waived its right to contest personal jurisdiction by its conduct in the litigation. Specifically, the plaintiff claims that the defendant's waiver consists (i) of its participating in discovery by questioning a deponent whose deposition was noticed by the plaintiff, (ii) by noticing the deposition of the plaintiff and (iii) finally by serving on the plaintiff a request for production and obtaining such documents pursuant to such requests. It is generally held that if a party does any act that recognizes the case as pending in court and deals with the merits of the case, he subjects himself to the court's jurisdiction. 5 Am.Jur.2d Appearances, Section 16. A general appearance may be implied when the defendant takes a procedural step, other than one contesting jurisdiction only, which will be beneficial to the defendant or detrimental to the plaintiff. Iffland Lumber Co. v. Tucker, 33 Conn. Sup. 692,695 (1976).
In Merson v. Berkoff, 5 Conn. L. Rptr. 810-11 (January 20, 1992, Rush, J.) the court held that engaging in discovery generally does not constitute a waiver of the defendant's right to contest in personam jurisdiction over it. This court joins Judge Rush in reaching this conclusion, at least, as in this case, where the defendant has filed a motion for a protective order to forestall discovery until after the motion to dismiss is decided. This is so because discovery does not deal with the merits of the case in prosecuting or contesting the issues. Foley v.Douglas and Bro. Inc., 121 Conn. 377, 380 (1936). While the defendant's discovery may "relate to the claim or defense" which it may later assert in a pleading that discovery does not constitute prosecution of the action nor does it by itself contest the issues. P.B. § 218.
In this case the defendant filed a motion for protective order seeking to delay discovery until after the motion to dismiss was decided. The motion was denied by the court (Lewis, J.). Accordingly, it would be unfair to allow the plaintiff to proceed with discovery or penalize the defendant for participating in discovery when such a delay might give the plaintiff a tactical advantage. CT Page 10448
The court holds that participating and conducting discovery under the circumstances of this case does not constitute a waiver of the defendant's right to contest personal jurisdiction.
For the foregoing reasons the motion to dismiss is granted.
MOTTOLESE, J.