234

## ALICE RAYNOR *v.* HICKOCK REALTY CORPORATION
### (AC 19578)

Landau, Spear and Daly, Js.

Argued October 26—officially released December 26, 2000

*Kevin F. Nelligan,* for the appellant (plaintiff).

*J. Michael Sconyers,* for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Alice Raynor, appeals from the trial court's judgment rendered upon the granting of the motion for summary judgment filed by the defendant, Hickock Realty Corporation, because the plaintiff

did not commence her personal injury action before the applicable statute of limitations expired. On appeal, the plaintiff claims that the court improperly concluded that (1) she failed to commence her action within the time permitted by the applicable statute of limitations and (2) the statute of limitations was not tolled when the defendant was served with prejudgment remedy documents.[1] We disagree and affirm the judgment of the trial court.

The applicable facts and procedural history of the action are undisputed. The plaintiff alleged that she was injured when she fell on June 19, 1995, on premises in Salisbury that she leased from the defendant. She first sought a prejudgment remedy by way of attachment of the defendant's real property, utilizing an order of notice permitting out-of-state service by mail. See General Statutes §§ 52-278a through 52-278d. The plaintiff obtained a prejudgment order dated May 6, 1997, and a notice for a hearing on her application for prejudgment remedy to be held on May 27, 1997. A deputy sheriff served the order, along with the prejudgment remedy documents, via the postal service.

The plaintiff filed an application for a subsequent order of notice because the defendant failed to appear, and the plaintiff did not know whether the defendant had received actual notice. The court granted her application for a subsequent order of notice and signed it on June 6, 1997. A deputy sheriff served the defendant's officers via mail.

---

[1] In this opinion, the prejudgment remedy documents to which we refer are those documents included in the deputy sheriff's return of June 7, 1997, specifically, the notice of application for prejudgment remedy/claim for hearing to contest application or claim exemption, the application for prejudgment remedy, the schedule A, the affidavit of the plaintiff, the application for subsequent order of notice, the subsequent order of notice, the order, the summons, the order for prejudgment remedy, the writ of summons and direction of attachment, and the complaint and ad damnum.

The court held a hearing on the plaintiff's application for prejudgment remedy on August 28, 1997. Following receipt of the parties' briefs, the court, *Pickett, J.*, granted the plaintiff's application to attach the defendant's real property. In February, 1998, the plaintiff served signed copies of the writ of summons and complaint on the defendant's officers. In February, 1999, the defendant moved for summary judgment on the basis of the plaintiff's failure to commence her action within two years of the date of injury, as required by General Statutes § 52-584.[2]

The plaintiff raised a twofold argument in her objection to the motion for summary judgment. First, she claimed that she had instituted her action within the two year statute of limitations; second, if the court determined that service was untimely, Connecticut should adopt a rule that service of the prejudgment remedy documents tolls the statute of limitations. The court, *DiPentima, J.*, agreeing with the defendant that the plaintiff failed to bring her action within two years of the date of injury, concluded that prejudgment remedy documents are not the equivalent of a writ of summons and complaint, and do not commence an action. We agree with the trial court.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies*

---

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

*Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]. . . . *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). Summary judgment may be granted where the claim is barred by the statute of limitations. See *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 566–70, 512 A.2d 893 (1986); *Burns* v. *Hartford Hospital*, 192 Conn. 451, 472 A.2d 1257 (1984). . . . *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996)." (Internal quotation marks omitted.) *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 800–801, 732 A.2d 207 (1999). Where the trial court is presented with undisputed facts, as it was here, our review of its conclusions is plenary, as "we must determine whether the court's conclusions are legally and logically correct . . . ." (Internal quotation marks omitted.) *Dept. of Social Services* v. *Saunders*, 247 Conn. 686, 697, 724 A.2d 1093 (1999).

I

The plaintiff's first claim is that the court improperly relied on *Howard* v. *Robertson*, 27 Conn. App. 621, 608 A.2d 711 (1992), and granted the defendant's motion for summary judgment because service of the prejudgment remedy documents tolled the statute of limitations. We disagree because *Howard* is controlling authority for the summary judgment motion before the court.

In *Howard*, the plaintiff filed an application for a prejudgment remedy prior to serving a petition for a new trial.[3] After the action was commenced, the defendant filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to whether the action was commenced within the statute of limitations. The parties did not dispute the dates at issue. The plaintiff claimed, however, that the defendant had notice of her claim because he had been served with prejudgment remedy documents.

In affirming the trial court's judgment, this court stated: "It is well settled that an action is brought on the date on which the writ is served on a defendant. *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991); *Lacasse* v. *Burns*, 214 Conn. 464, 475, 572 A.2d 357 (1990); *Seaboard Burner Corporation* v. *DeLong*, 145 Conn. 300, 303, 141 A.2d 642 (1958); *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.*, [128 Conn. 107, 109, 20 A.2d 621 (1941)]." *Howard* v. *Robertson*, supra, 27 Conn. App. 625. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court. . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must

---

[3] The defendant in *Howard* had constructed a house for the plaintiff, who refused to pay the full contract price because of unworkmanlike construction. *Howard* v. *Robertson*, supra, 27 Conn. App. 623. The defendant first brought an action against the plaintiff, who then filed a counterclaim. On February 3, 1986, the trial court rendered judgment awarding damages to the defendant. Id. The plaintiff subsequently discovered previously undetectable defects in the house and informed the defendant in June, 1988, that she intended to petition for a new trial. Id. The plaintiff then served the defendant with an application for a prejudgment remedy on January 30, 1989. Id. The plaintiff served the defendant with a writ of summons and complaint on April 10, 1989. Id., 624. The statute of limitations at issue was General Statutes § 52-582, which contains a three year limitation period. *Howard* v. *Robertson*, supra, 624–25.

contain the basic information and direction normally included in a writ of summons. . . . *Hillman* v. *Greenwich*, supra, 526. A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court. *General Motors Acceptance Corporation* v. *Pumphrey*, 13 Conn. App. 223, 228, 535 A.2d 396 (1988)." (Internal quotation marks omitted.) *Howard* v. *Robertson*, supra, 626. This court concluded in *Howard* that although prejudgment remedy documents give a party sufficient notice of a prejudgment remedy hearing, they are not the equivalent of a writ necessary to toll the statute of limitations. Id.

Here, the plaintiff attempts to distinguish *Howard* by noting the factual distinctions between the documents served on the defendant in that case and the documents served on the defendant in this case. They are, however, factual distinctions without a difference with respect to whether an action has been commenced. First, the plaintiff notes that *Howard* concerned only the statutory prejudgment remedy documents, which do not contain any of the elements needed to commence an action. More specifically, the plaintiff argues that this court held that the defendant in *Howard* had not been notified that an action had been commenced because the statutory prejudgment remedy application states that the plaintiff "is about to commence an action." The plaintiff further asserts that her prejudgment remedy documents provided notice of not only the prejudgment remedy application, but of "the institution of this action" because they included the proposed writ of summons and complaint, albeit unsigned. The plaintiff notes that she also served the defendant with an application for order of notice and an order of notice signed by the court.

A

The plaintiff is mistaken as to her first contention that service of the prejudgment remedy documents tolls

the running of the statute of limitations in § 52-584 because they contain the words "the institution of this action," and include the proposed writ of summons and complaint. She clothes her argument in the ill-suited raiment of notice, whereas the issue in this appeal is whether the service of an unsigned writ of summons and complaint has the effect of commencing a civil action.[4] A summons is not synonymous with notice. See *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 339, 170 A.2d 732 (1961). The plaintiff's failure to sign the writ of summons and complaint is fatal to her claim.

B

The plaintiff asks this court to overlook the fact that the summons and complaint accompanying the prejudgment remedy documents were not signed. We cannot ignore an omission of that nature. Process "in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and *shall be signed by a commissioner of the superior court* or a judge or clerk of the court to which it is returnable. . . ." (Emphasis added.) Practice Book § 8-1 (a); see also General Statutes § 52-45a; *Stewart-Brownstein* v. *Casey*, 53 Conn. App. 84, 87, 728 A.2d 1130 (1999). "The writ in order to be 'due process of law' must be signed by . . . a . . . commissioner of the Superior Court . . . or a . . . clerk of the court to which it is returnable." (Internal quotation marks omitted.) *Brunswick* v. *Inland Wetlands Commission*, 25 Conn. App. 543,

---

[4] "All process involves a reasonable attempt to give notice to the defendant of the pendency of an action against him or his property. But notice alone is not enough." R. Bollier, N. Cioffi, K. Emmett, J. Kavanewsky, L. Murphy, Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 11 b, p. 21.

547, 596 A.2d 463 (1991), rev'd on other grounds, 222 Conn. 541, 610 A.2d 1260 (1992).

The leading case concerning the necessity of a writ's being signed is *Hillman* v. *Greenwich,* supra, 217 Conn. 520, in which our Supreme Court stated: "A summons is part of a citation. The citation . . . is a command to a duly authorized officer to summon the [defendant] . . . to appear in court on a specific day to answer the [complaint]. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* [supra, 148 Conn. 338–39]." (Internal quotation marks omitted.) *Hillman* v. *Greenwich,* supra, 524–25. "The citation, *signed by competent authority,* is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a delivery man." (Citations omitted; emphasis added.) *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra, 339. A writ of summons is a "statutory prerequisite" to the commencement of an action, and "it is an essential element to the validity of the jurisdiction of the court." *Hillman* v. *Greenwich,* supra, 526.

"A complaint is a pleading. Practice Book [§ 10-20]; see also Practice Book [§ 10-6]; General Statutes § 52-91; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 18 (b). A pleading must 'be signed by at least one attorney of record in his individual name.' Practice Book [§ 4-2]; see also General Statutes [§ 52-45b]. A pleading shall not be filed in court unless it is signed by counsel. Practice Book [§ 7-6]." *Housing Authority* v. *Collins,* 38 Conn. Sup. 389, 390, 449 A.2d 189 (1982). Although there is authority that an unsigned complaint may be amended; see General Statutes § 52-128; Practice Book § 10-59; *Shokite* v. *Perez,* 19 Conn. App. 203, 206–207, 561 A.2d 461 (1989); the plaintiff never amended the unsigned complaint that was served with the prejudg-

ment remedy documents to include the necessary signature.

## C

Moreover, the prejudgment remedy documents lacked a return date. The plaintiff claims that the court clerk caused that omission by marking out the return date that was provided. The absence of a return date on the writ, whether the fault of a plaintiff or a court clerk, is unforgivable.[5] The prejudgment remedy papers served in *Howard* v. *Robertson*, supra, 27 Conn. App. 626, also did not specify a return date by which the defendant in that case would have had to file an appearance. The return date "is a necessary component of a writ by which a civil action is commenced. General Statutes § 52-45a." *Howard* v. *Robertson*, supra, 626. "Both the time within which process must be served after its issuance and the time within which the writ must be filed with the court after service are determined by reference to the 'return day.' " R. Bollier, N. Cioffi, K. Emmett, J. Kavanewsky, L. Murphy, Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 16 a, p. 31.

The prejudgment remedy documents lacked a signed writ of summons and complaint. Therefore, the action was not "commenced" within the meaning of § 52-45a or the rule enunciated in *Hillman* v. *Greenwich*, supra, 217 Conn. 520, until February, 1998, long after the expiration of the limitation period set forth in § 52-584.

## II

In her second claim, the plaintiff asserts that this court should adopt the rule that the statute of limita-

---

[5] The absence of a return date is not the sole reason the plaintiff failed to commence her cause of action within the time permitted by § 52-584. We therefore decline to address whether the clerk was at fault for striking out the return date that the plaintiff inserted or whether the clerk's striking out of the date was necessitated by the fact that the court had set the date by which the defendant was to be summoned to the prejudgment remedy hearing and the date of that hearing.

tions is tolled when the prejudgment remedy documents are served. Specifically, she encourages this court to adopt such a rule because it will promote judicial economy without prejudice to the defendant and will conform with statutory authority. In support of her position, the plaintiff cites *Grimes* v. *Housing Authority*, 242 Conn. 236, 698 A.2d 302 (1997), as she did in the trial court. *Grimes* is not relevant to the facts here because it concerns the tolling of the statute of limitations in class actions, which involve multiple plaintiffs.[6]

Although the plaintiff concedes that *Grimes* is limited to class actions, she argues that it is relevant because she would otherwise have an incentive to file two separate actions, one for a prejudgment remedy and one for personal injury, resulting in a multiplicity of litigation. The plaintiff attempts to bootstrap the *Grimes* rationale to remedy her failure to commence timely her action against the defendant. The court properly refused to apply to a common personal injury action a rationale appropriate to the procedural complexities of class actions.

Furthermore, pursuant to our statutory prejudgment remedy scheme, there was no need for the plaintiff to institute two actions. She simply could have availed herself of the provisions of General Statutes § 52-278h[7]

---

[6] In *Grimes*, our Supreme Court adopted the rule in *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), that " 'the commencement of a class action *suspends the applicable statute of limitations as to all asserted members of the class* who would have been parties had the suit been permitted to continue as a class action.' " (Emphasis in original.) *Grimes* v. *Housing Authority*, supra, 242 Conn. 243. Practice Book §§ 9-7 and 9-8, "like rule 23 [of the Federal Rules of Civil Procedure], are designed to increase efficiencies in civil litigation by encouraging multiple plaintiffs to join in one lawsuit." *Grimes* v. *Housing Authority*, supra, 244.

[7] General Statutes § 52-278h provides: "The provisions of this chapter shall apply to any application for prejudgment remedy filed by the plaintiff at any time after the institution of the action, and the forms and procedures provided therein shall be adapted accordingly."

by bringing her action within the statute of limitations together with an application for a prejudgment remedy.

The plaintiff asks this court to create an exception to the statute of limitations in § 52-584. Our discussion of the plaintiff's claims demonstrates that § 52-584 applies to bar her action. We discern no basis for reaching another result.

The judgment is affirmed.

In this opinion the other judges concurred.