[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 106)
On August 17, 2001, the plaintiff, Nancy Iwanicki, filed an application for a prejudgment remedy. In her application, the plaintiff stated that. she was about to commence an action against the defendant, Beverly Mahoney Jablonsky, both individually and as executrix of the estate of Felix Jablonsky. Felix Jablonsky was previously married to the plaintiff's mother who died in 1998; he is thus the plaintiff's stepfather. When he died, on April 11, 2001, the plaintiff filed a claim with Beverly Mahoney Jablonsky as the fiduciary of the estate of Felix Jablonsky. She filed her application for prejudgment remedy approximately one month later.
On September 10, 2001, the defendant filed the present motion to dismiss (docket entry number 106) with a supporting memorandum of law. The defendant argues that the court lacks subject matter jurisdiction because the plaintiff filed her application for a prejudgment remedy before the fiduciary of Jablonsky's estate had rejected the plaintiff's claim against the estate. The plaintiff, who timely filed an opposing memorandum and a supplemental memorandum, argues that the court has jurisdiction because she was not required to wait for the fiduciary to reject her claim before filing her application. In a supplemental memorandum, she also argues that the issue before the court is now moot because the application for prejudgment remedy was heard and decided by Gallagher, J. on December 17, 2001. This court heard argument on the instant motion on November 26, 2001.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the "parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33. "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Federal DepositCT Page 2423Ins. Corp. v. Crystal, 251 Conn. 748, 763 (1999). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787 (1998), cert. denied sub nom. Slotnik v. Considine, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552 (1997). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." (Internal quotation marks omitted.) Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192 (1996).
The defendant's argument is that General Statutes § 45a-363 (a) mandates that, before the plaintiff may commence suit against the estate, the plaintiff must first file a claim against the estate, and the fiduciary of the estate must reject or be deemed to have rejected the claim pursuant to General Statutes § 45a-360. The defendant argues that applying for a prejudgment remedy is equivalent to "commencing suit" and, since the plaintiff filed her application for a prejudgment remedy before her claim had been rejected or deemed rejected by the fiduciary of Jablonsky's estate, the court is without subject matter jurisdiction.
The plaintiff counters that, because there is no action pending within the meaning of the Practice Book, the court is without jurisdiction to consider the defendant's motion to dismiss. The plaintiff further argues that, even if the court had jurisdiction to decide the motion to dismiss, the motion is now moot because, by the date of oral argument, sufficient time had elapsed for the plaintiff's claim to be deemed rejected.
Both General Statutes §§ 45a-363 and 45a-360 establish the manner in which a claimant makes a claim against a decedent's estate. If the fiduciary of the estate rejects the claim or fails to act upon it within a proscribed time limit, the claimant may then commence suit. Section45a-363 (a) provides in pertinent part: "No person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in "whole or in part, as provided in section 45a-360." Section 45a-360 (c) provides in pertinent part: "If the fiduciary fails to reject, allow or pay the claim within ninety days from the date that it was presented to the fiduciary . . . the claimant may give notice to the fiduciary to act upon the claim. . . . If the fiduciary fails to reject, allow or pay the claim within thirty days from the date of such notice, the claim shall be deemed to have been rejected on the expiration of such thirty-day period." Thus, judges of the Superior Court have held that the CT Page 2424 court lacks jurisdiction over suits that were commenced prior to the dare the plaintiff's claim was rejected by the fiduciary. See Blewett v.Petrokubi, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316163 (February 10, 1995, Hauser, J.).
The dispositive issue is whether the plaintiff's application for a prejudgment remedy together with a proposed complaint "commences suit" as that term is used in General Statutes § 45a-363 (a). The statute does not define what is meant by "commence suit." The plaintiff filed her application for prejudgment remedy pursuant to General Statutes §52-278c. Section 52-278c states that an applicant "shall attach his proposed unsigned writ, summons and complaint" to the application, with a supporting affidavit, form of order for a hearing, and a summons. In the application, the plaintiff is required to represent that she is about to commence an action against the defendant. A suit is commenced, however, "by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator." General Statutes § 52-45a; Hillman v. Greenwich, 217 Conn. 520, 527 (1991) ("In Connecticut, an action is commenced on the dare of service of the writ upon the defendant." (Internal quotation marks omitted.)). Id.
Although a review of the case law does not indicate that either our Appellate or Supreme Court has ruled on this issue in tho context presented here, the Appellate Court has done so in the context of a dispute over a statute of limitations. In Howard v. Robertson,27 Conn. App. 621 (1992), the Court held that the plaintiff, by serving the unsigned writ, summons and complaint attached to the application for prejudgment remedy, had not commenced suit for the purpose of complying with the applicable statute of limitations. In that case, the plaintiff filed an application for a prejudgment remedy less than two years after the defendant prevailed at trial. The plaintiff did not, however, serve a writ, summons and complaint for a new trial within three years after the Court filed its decision as required by General Statutes § 52-582. The defendant subsequently raised the defense of the statute of limitations and filed a motion for summary Judgment on that basis. The trial court granted the motion and the plaintiff appealed. The Appellate Court held that the plaintiff's application for a prejudgment remedy was not equivalent to legal process as defined by General Statutes § 52-45a. Id., at 626. It noted the writ accompanying the prejudgment remedy documents did not specify a return date and that the setting of a return date was a necessary component of a writ commencing a civil action. See General Statutes § 52-45a. The Court stated, "Although the documents served on the defendant were sufficient to give notice of a prejudgment remedy hearing, they were CT Page 2425 insufficient to serve as the basis for a petition for new trial. Contrary to the plaintiff's assertions, the prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes 52-45a, and (do] not satisfy the requirements of General Statutes § 52-582. Further the language of General Statutes § 52-278c (b) that the plaintiff is "about to commence an action' plainly indicates that the application for prejudgment remedy, together with the documents that accompany it, do not commence an action." Id., at 626-27; see also Raynorv. Hickock Realty Corp., 61 Conn. App. 234 (2000) (Including an unsigned summons and complaint does not commence an action or toll the statute of limitations.).
The Superior Court has applied the holding of Howard v. Robertson to the facts in a variety of cases. For example, in Singer v. Koenig, Superior Court, judicial district of Tolland at Rockville, Docket No. 74676, 2001 WL 306682 (March 16, 2001, Klaczak, J.), the court denied a motion to dismiss the plaintiff's request for a hearing on a prejudgment remedy on the ground of insufficiency of service of process. The request, the court stated, "is not the equivalent of commencing an action. . . . At this stage since no action has commenced there is no action to dismiss." Id. Likewise, in Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420, 13 Conn.L.Rptr. 8, 10-11 (November 15, 1994, Hennessey, J.), the court held that the plaintiff's service of an unsigned writ, summons and complaint along with the plaintiff's application for a prejudgment remedy did not commence an action for purposes of satisfying the statute of limitations applicable to the accidental failure off suit statute. But see Fitchville Recycling Corp. v. United Paper Corp., Superior Court, judicial district of Hartford, Docket No. 583462 (May 2, 2001,Hennessey, J.) (Plaintiff's inclusion of a signed writ, summons and complaint along with unsigned documents attached to the application for prejudgment remedy was sufficient to commence suit.).
General Statutes § 45a-363 (a) does not prohibit a plaintiff from filing an application for a prejudgment remedy prior to the rims the plaintiff's claim against the estate is rejected or deemed rejected by the fiduciary because an application for a prejudgment remedy does not "commence suit" as that phrase is employed there or in General Statutes § 52-45a. Attached to her application for a prejudgment remedy was a proposed unsigned writ, summons and complaint. That proposed summons and complaint did not contain a complete return date; it was indicated to be "October ___, 2001." Additionally, her application stated she was "about to" commence an action against the defendant. Accordingly, the plaintiff did not commence suit before her claim on the estate had been rejected or deemed rejected by the estate's fiduciary. CT Page 2426
Nor is this matter moot for reason of the prejudgment remedy application having been acted upon by another court subsequent to the defendant's filing of this motion to dismiss since the defendant's claim is that the prejudgment remedy application together with the proposed complaint constitutes commencement of a civil action. Relevant here is the defendant's reference in her motion to the various causes of action asserted in the proposed complaint.
There is no action or suit before the court. All that there ever was was the prejudgment remedy application over which there is subject matter jurisdiction and that matter has been ruled upon. Because there is no "action" pending, the motion to dismiss is denied.
B. J. SHEEDY, JUDGE