[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS (#132)
The plaintiff served the defendants with an application for a prejudgment remedy (pjr) in July 2000. In September 2000, the defendants entered an appearance to contest the application.[1] On July 2, 2001, the court granted the plaintiffs application and ordered a pjr.
On June 28, 2001, the plaintiff filed a request for leave to amend its complaint. The defendants objected on the ground that the plaintiff did not serve a summons and complaint on them after the court had granted the pjr. The court overruled the objection on September 17, 2001. On October 19, 2001, the defendants filed a motion to dismiss the plaintiffs amended complaint on the ground that the summons served on them with the plaintiffs application for a prejudgment remedy was insufficient to commence a civil action because it failed too include a statutorily required return date.[2] On June 18, 2002, the plaintiff filed an objection to the motion to dismiss.
The plaintiff contends that the defendants, in failing to file their motion to dismiss within thirty days of their appearance, waived any claim that the court lacks personal jurisdiction over them, and that the alleged defect in the summons is circumstantial and is, therefore, not vulnerable to a motion to dismiss. The court agrees that the defendants have waived their right to move to dismiss this action based on a defect in the return date.
As framed by the plaintiff, "[t]his case is all about a return date," or rather, the absence of one. The alleged defect occurred in the summons that was served on the defendants in connection with the plaintiffs application for a pjr. The summons that issued corresponded nearly verbatim with the form prescribed by General Statutes § 52-278c. Moreover, both the summons and the plaintiffs proposed complaint were signed and the complaint, albeit not the summons, contained a return date. CT Page 50
Thus, here, as in Howard v. Robertson, 27 Conn. App. 621, 626,608 A.2d 711 (1992), "the writ accompanying the prejudgment remedy documents did not specify a return date by which the defendant would have to file an appearance." In Howard, before the expiration of the statute of limitations for bringing a petition for a new trial, "the defendant was served with an application for a prejudgment remedy, a writ, a summons, an order for a hearing on the prejudgment remedy, a signed complaint for a new trial and an affidavit." Id., 623. The court denied the application for a pjr. After the limitations period expired, the plaintiff brought a petition for a new trial by summons and complaint. The defendant moved for summary judgment based on the untimeliness of the petition and the trial court granted the motion. The Appellate Court affirmed, restating the rule that "an action is brought on the date on which the writ is served on a defendant"; id., 625; and "that the application for prejudgment remedy, together with the documents that accompany it, do not commence an action." Id., 627. The court further held that the writ accompanying the pjr documents was inadequate to toll the limitations period because it did not specify a return date. Id., 626.
In Raynor v. Hickock Realty Corp., 61 Conn. App. 234, 763 A.2d 54
(2000), the issue again was whether service of defective prejudgment remedy documents tolled a statute of limitations. Again the Appellate Court, affirming the granting of summary judgment, held that such documents do not do so. In Raynor, the documents the plaintiff served on the defendant included an unsigned writ of summons and complaint. The Appellate Court held that "[t]he plaintiffs failure to sign the writ of summons and complaint is fatal to her claim"; id., 240; and that because of this deficiency, "the action was not "commenced' within the meaning of § 52-45a or the rule enunciated in Hiliman v. Greenwich. . . ." Id., 242; see also Hiliman v. Greenwich, 217 Conn. 520, 526, 587 A.2d 99
(1991); Feldmann v. Sebastian, 261 Conn. 721, 729, 805 A.2d 713 (2002). In addition, the court noted, "[t]he absence of a return date on the writ, whether the fault of a plaintiff or a court clerk, is unforgiveable." Raynor v. Hickock Realty Corp., supra, 242.
Raynor thus holds that the failure of which the defendants here complain, i.e., the failure to include a return date on the summons, deprives the court of jurisdiction. Raynor v. Hickock Realty Corp., supra, 61 Conn. App. 242; see also Howard v. Robertson, supra,27 Conn. App. 621. The jurisdiction of which the court is deprived, however, is personal jurisdiction over the defendants, not subject matter jurisdiction. Connor v. Statewide Grievance Committee, 260 Conn. 435,442, 797 A.2d 1081 (2002); see also Stewart-Brownstein v. Casey, CT Page 5153 Conn. App. 84, 89, 728 A.2d 1130 (1999); Breidenbach v. Collier, Superior Court, Housing Session at Waterbury, Docket No. SPWA 97 12 19035 (January 7, 1998, Levin, J).[3] This is also evident from what this court characterized in Breidenbach as the "strong, affirmative dicta from the Supreme Court" in Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618, 625-26 n. 8, 642 A.2d 1186 (1994).[4]
Because the defect here relates to personal jurisdiction, it may be waived if it is not timely raised in a motion to dismiss. Practice Book § 10-32 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 10-6 and 10-7 and within the time provided by Section 10-30." "Although the filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims, [a]ny plaintiff, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (internal quotation marks omitted.) Connor v. StatewideGrievance Committee, supra, 260 Conn. 445. Practice Book § 10-30
provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." "[This] rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6. . . . Thus, thirty-one days after the filing of an appearance or the failure to adhere to the requisite sequence, a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Emphasis in original.) Pitchell v. Hartford, 247 Conn. 422, 433, 722 A.2d 797
(1999).
In neither Howard nor in Raynor was the issue of the defendant's waiver of personal jurisdiction raised or discussed. In Boyles v. Preston,68 Conn. App. 596, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853
(2002), a case that is factually similar to the instant case, the Appellate Court did address the issue of waiver. In Boyles, "[t]he plaintiff filed an application for a prejudgment remedy, which was served on the defendant on May 23, 1995. On June 22, 1995, [the defendant's attorney] filed an appearance for the defendant and represented him at the hearing on the application held on August 8, 1995, when the court granted the plaintiff a prejudgment remedy. . . . A process server engaged by the plaintiff made the attachment on August 10, 1995, and the CT Page 52 complaint was served on the defendant on August 11, 1995. . . . The defendant subsequently filed an amended motion to dismiss, dated October 25, 1995, in which he . . . raised a number of different issues contesting the court's jurisdiction over him as well as the court's subject matter jurisdiction." Id., 600-601.
The court held that because the defendant did not file a motion to dismiss within thirty days of the appearance he filed prior to the hearing on the pjr, his motion to dismiss was untimely and he had waived the opportunity to contest personal jurisdiction. Id., 601. Said the Appellate Court: "Our courts have held that where a party has submitted to the court's jurisdiction by contesting an application for prejudgment remedy on the merits, that action will suffice as a general appearance in the case-in-chief. See Iffland Lumber Co. v. Tucker, 33 Conn. Sup. 692,694-96, 368 A.2d 606 (1976). Once the application for prejudgment remedy and the accompanying documents are filed properly with the clerk of the court, "the case is then pending in court. . . . The court becomes seized of the matter by virtue of the filing of the application, and the hearing on the application should be treated like any other interlocutory proceeding in a pending case.' Id., 695. Thus, having failed to seek to dismiss the action within thirty days of filing his appearance to contest the application for prejudgment remedy, the defendant's motion properly was denied as untimely." Boyles v. Preston, supra, 68 Conn. App. 602.
This court is bound by the decisions of the Appellate Court. See, e.g., Stepler v. Zelich, Superior Court, judicial district of New Haven, Docket No. CV 92 326980 (January 30, 1995, Zoarski, J.). "This principle is inherent in a hierarchical judicial system." Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 195, 676 A.2d 831 (1996). There is, however, apparent irony if not inconsistency between Howard and Raynor, on the one hand, and Boyles, on the other, since Boyles holds that an appearance at the pjr stage — clearly a formal appearance but also, under Iffland Lumber, any contest of the pjr — may waive the opportunity to contest an action which Howard and Raynor say has not yet been commenced. That is, at the time the prejudgment remedy is brought, a defendant cannot claim that the "action" is defective for lack of personal jurisdiction because, under Raynor and Howard, there is no action pending. But he may not thereafter claim that the subsequently commenced action is defective because, under Boyles and Iffland Lumber, he will have submitted to the court's jurisdiction by contesting the pjr and any subsequent motion to dismiss will likely be untimely.
In this case, the defendants filed their initial appearance in September 2000, and their motion to dismiss on October 19, 2001. Thus, the defendants waived any claim that the court lacked personal CT Page 53 jurisdiction over them by failing to file their motion to dismiss within the thirty day time period specified in Practice Book § 10-30. Accordingly, the defendants' motion to dismiss is denied.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court